[No. 548.   August 24, 1893.]

# TERRITORY OF NEW MEXICO, APPELLEE, v. WALTER COOK, APPELLANT.

SELLING LIQUORS ON SUNDAY—TEST CASE—WAIVER OF ARRAIGNMENT, AND PLEAS OF GUILTY, MOTION TO SET ASIDE—ARREST OF JUDGMENT —NEW TRIAL—IMPEACHMENT OF RECORD.—Where the defendant and others, indicted for unlawfully selling liquors on Sunday, raised a fund to employ counsel to defend them, and test the validity of the Sunday law, and the record showed that the defendants, by their counsel so employed, waived arraignment, and all but one entered pleas of guilty, and that, by consent, judgments were stayed until the next term, and, by agreement, one case was selected, of the one against whom the plea of guilty had not been entered, as a test case, and, on a decision adverse to the defendant therein, appealed to this court, and affirmed (Cortesy v. Territory, 6 N. M. 682); that the appellant here and defendant below rested on that plea for one year awaiting the decision of this court in said case; and that, at the next term of the court below, and after such decision, appeared by different counsel, and moved the court to set aside the plea of guilty entered against him, on the ground that he had never been arraigned,

and had never personally entered such plea, nor authorized anyone to enter it for him; and, upon the court's denying his motion, defendant moved in arrest of judgment, and for new trial, which were also denied, after a full hearing by the court upon the record and the affidavits of the parties,—Held: The order of the court below, made after the decision in the test case, upon the record and affidavits of the parties, should not be disturbed. If the appellant has been injured by the conduct of his counsel, employed to defend him in said case, he must seek other redress than an impeachment of the judicial record of the trial court on ex parte affidavits.

APPEAL, from a judgment convicting defendant of unlawfully selling liquors and merchandise on Sunday, from the Fifth Judicial District Court, Socorro County. Affirmed.

The facts are stated in the opinion of the court.

CHAVEZ and DOUGHERTY for appellant.

In cases where imprisonment may be inflicted, as punishment for an offense, defendant must present himself at the arraignment, and plead personally. Bish. Crim. Proc., sec. 268; Whart. Crim. Pl. & Pr., secs. 540, 541; Dunn v. Commonwealth, 6 Barr. 387; Hamilton v. Commonwealth, 9 Leigh, 623; Brooks v. People, 88 Ill. 327; Scaggs v. State, 8 S. & M. 722; State v. Cross, 27 Mo. 332; Gladden v. State, 12 Fla. 562; People v. McCrory, 41 Cal. 451; Whart., supra, secs. 408, 701.

The court must be satisfied, that the nature of the case, and its circumstances, are such that imprisonment will not be inflicted. Bish. Crim. Proc., sec. 269. See 2d, note 1.

A special power of attorney to appear, plead, and defend, in his absence, must be executed by defendant, and filed in court by his attorney. See 5th, note 1, Bish. Crim. Proc., sec. 269; U. S. v. Mayo, 1 Curtis, C. C. 433, 434.

The fact that counsel of the accused is present during trial and rendering of the verdict, without

making objection to the prisoner's absence, is not a waiver of his right to be present. Whart. Crim. Pl. & Pr., sec. 875.

In all trials in which corporal punishment may be assigned the defendant must be personally present. Whart. and other citations, supra; Id., secs. 541, 873; Chitty, Crim. Law, 413; 2 Hale, 215; Jacobs v. Commonwealth, 5 Serg. & R. 315.

Defendant may enter plea by attorney only where no corporal punishment is involved. Whart., secs. 540, 541, 875.

The statute makes a violation of the Sunday law an offense punishable by fine or imprisonment. Laws, 1887, p. 51.

Even if the plea of guilty should be given with defendant's consent in open court, he should have been permitted, under all circumstances, to withdraw it. People v. McCrory, 41 Cal. 451.

The court should have set aside the plea of guilty, heretofore entered by an unauthorized attorney, upon defendant's affidavit, and upon his demanding a trial on the merits of the case, as a matter of right. Comp. Laws, N. M. 1884, sec. 2591.

When the duty to arraign is imperative, failure to do so is fatal. Whart. Crim. Pl. & Pr., sec. 700, and cases cited.

EDWARD L. BARTLETT, solicitor general, for the territory.

In the lower misdemeanors, where imprisonment is not necessarily inflicted, the defendant may appear, be arraigned, and plead to the indictment, by his attorney. 4 Am. and Eng. Encyclopedia of Law, p. 774, note 2; 1 Bish. Crim. Proc., par. 267; Ex parte Tracy, 25 Vt. 93; State v. Reckards, 21 Minn. 47; Bloomington v. Heiland, 67 Ill. 278; State v. Jones, 18 Tex. 874.

The defendant authorized the plea of guilty and is bound thereby. 1 Bish. Crim. Proc., par. 225, and cases cited.

He is estopped from saying that he did not plead guilty.   Id., par. 118.

The withdrawal of the plea of guilty was a matter within the sound discretion of the trial court, and, where no abuse is shown, its refusal to allow it will not be disturbed.   The defendant can not coquet with the court by pleading guilty one day, and not guilty the next.   People v. McCrory, 41 Cal. 458; Early v. Commonwealth, 86 Va. 921; S. C., 11 S. E. Rep. 795; Myers v. State, 18 N. E. Rep. (Ind.) 42.

O'BRIEN, C. J.—At the May term, 1892, of the district court for the county of Socorro, two indictments were found against the defendant, Walter Cook, which charged him with being unlawfully engaged in the labor of selling wine, beer, liquor, and merchandise on Sunday, the Lord's day.   At the same time forty-four other indictments were found against other persons for similar violations of the Sunday law.   It appears by the record that all the persons so indicted clubbed together and raised a fund for the purpose of employing counsel to defend them, and to test the validity of the Sunday law.   The appellant was among the subscribers.   Hon. Neill B. Field, an eminent member of the territorial bar, was selected for the purpose of conducting the defense to all the forty-six indictments.   It also appears that he, whilst in the discharge of his duty as such general counsel, entered pleas of guilty to the two indictments against this appellant, as well as to the other forty-four indictments against the other parties; making, however, a test case of the indictment found against one A. Cortesy.   That was done by agreement of the parties. Cortesy lost his case in the court below, and appealed from the judgment to this court at the July term, 1892,

when the judgment of the court below was affirmed, all
the judges concurring, except the writer of this opin-
ion.   Cortesy v. Territory, 6 N. M. 682.   On the four-
teenth day of June, 1892, the thirty-eighth day of
the term at which these indictments were filed, the fol-
lowing entry appears upon the court's records:   "Now
comes the territory, by her district attorney, and come
the defendants, by their attorney, in the above entitled
and foregoing forty-six causes, and waive formal arraign-
ment, and enter their respective pleas of guilty to the
charges contained in the respective indictments there-
in, and now, by consent of the parties, the judgment
and sentence of the court in the said forty-six cases is
stayed and not pronounced, and said forty-six cases are
continued until the next term of this court."   At the
next term of court, begun on the first Monday in May,
1893, this defendant appeared by other and different
counsel, and moved the court on the record and affi-
davits to set aside the pleas of guilty entered in these
two cases, for the reason that he had never been
arraigned, and had never personally entered such
pleas, and had never authorized any person to enter
them for him.   The territory thereupon filed counter
affidavits, showing or tending to show the general
retainer of Mr. Field in all of these cases; and that he,
by virtue of such employment, and by the tacit or
express authority of the defendant, as well as of the
defendants in the other cases, had entered such pleas
in their behalf.   The court below, upon a full and fair
hearing, denied defendant's motion.   Defendant then
moved to strike the counter affidavits from the files,
and also in arrest of judgment, both of which were
overruled, and judgment entered upon each indict-
ment, fining the defendant $15 and costs, and that he
be committed until such fine and costs are paid.   A
motion for a new trial was also made and overruled.
The defendant has brought the two cases by appeal to

this court, insisting in his assignment of errors that the judgments below should be vacated on account of the court's refusal to set aside the pleas of guilty, and to grant a new trial or trials, alleging that it did not appear of record that said defendant was ever in person arraigned or ever personally entered a plea of guilty, and further setting up in his affidavits that he had never authorized anyone to enter such plea for him. This is at least the substance of the error of which the defendant complains.

We have read the transcript of the record, including the affidavits and counter affidavits, and we are unable to discover any reversible error therein. The record shows affirmatively that on June 14, 1892, this defendant, by attorney, in open court, waived arraignment, and entered a plea of guilty to each of the said two indictments. He rested on that plea for a full year, awaiting the decision of this court in the test case in behalf of Cortesy. When he found that the decision in that case was adverse, he repudiated the plea, and demanded a trial on the merits. Such conduct may indicate a great deal of caution, but it is too speculative to merit indulgent consideration from us. If we once permit parties, charged with the commission of minor misdemeanors in courts of record, to deny the right of counsel to represent them as soon as their forensic efforts have proven unsuccessful, and to contradict the most solemn records of the court, we would set an example fraught with great danger to the public, and introduce a departure in practice rarely warranted by judicial authority. The judge below had opportunities denied to us, of observing the conduct of the parties and their counsel. He took official notice of the appearance of the counsel for the respective defendants; allowed counsel, perhaps for the accommodation of their clients,

*Margin note: SELLING liquors on Sunday: test case: waiver of arraignment, and pleas of guilty: motion to set aside: arrest of judgment: new trial.*

to enter of record pleas in their behalf, suspended
judgment on such pleas, at the request of such coun-
sel; granted an appeal to this court in one of such
cases, for the purpose of having determined the validity
of the law upon which all the indictments were founded.
No judgment was entered below until the test case was
finally settled in this court. Indeed, he had all the
facts and circumstances in all the cases judicially be-
fore him from the filing of the indictments to the
returning of the mandate from this court to the clerk
of his. He heard the motions with this knowledge, as
well as on the record and the affidavits of the parties,
and, with his superior acquaintance with the merits of
the controversy, he held that this defendant had no
substantial grievance, and denied him the right to
withdraw his pleas. In so ruling, we can see no error.
If defendant has been injured by the conduct of an
able lawyer, whom he allowed to appear as his counsel
in the court below, and who argued with marked
ability the test case in this court, he must seek other
redress than the impeachment of the judicial record of
the district court on ex parte affidavits. Had we any
serious doubt that all these defendants united and
raised by subscription a common fund, of which this
defendant paid $10, to compensate counsel to assist in
their individual and common defense; that the com-
mittee, duly appointed, employed Mr. Field for this
purpose; that he acted in good faith, and ably repre-
sented their interests; that this defendant knew a year
before the filing of his motion for leave to withdraw
the pleas of guilty, that such pleas had been entered
for him,—we might be more inclined to regard his
tardy application with some favor. But grant defend-
ant's motion at this time, and all advantages gained
will be his. It is often difficult to prove in courts of
justice the exact day of the week upon which an occur-
rence took place, even when the trial is had soon after

the alleged occurrence; but when the intervening period is a year, or perhaps two, and the trial is deferred by the conduct of the accused, and he must be acquitted unless the proof is, beyond a reasonable doubt, that he committed the acts charged on a Sunday, in deference to the imperfections of human memory, and in the interest of public policy, we can not regard with great favor, in the absence of material error, the demand of this defendant for what he claims to be one of his inalienable rights. There being no error discernible in the record, the orders and judgments appealed from are affirmed.

LEE, SEEDS, and FALL, JJ., concur.