[No. 3178.   Dec. 31, 1927.]

STATE v. BROWN.

[263 Pac. 502.]

Wilson & Woodbury, of Silver City, for appellant.

Robert C. Dow, Atty. Gen., and Frank H. Patton, Asst. Atty. Gen., for the State.

OPINION OF THE COURT

WATSON, J.   Having pleaded guilty to an information for larceny of cattle, appellant was immediately sentenced to the penitentiary for a term of not less than three nor more than five years, and to pay a fine of $500. Five days later he filed a motion to vacate the judgment and sentence and to be permitted to withdraw his plea of guilty and to enter a plea of not guilty.   The motion was heard the second day following, and overruled, from which action this appeal has been taken.

Appellant's showing by supporting affidavits, and by

testimony at the hearing, was not met by any counter-showing on the part of the state. It was made to appear that at about noon on the day in question an inspector of the cattle sanitary board called at appellant's ranch home, some distance from Silver City, and without exhibiting a warrant, and being armed with a pistol, informed appellant that he was under arrest and must accompany him to Silver City. Appellant apparently at first acquiesced in the arrest, but, on the suggestion of the officer that appellant's wife must also come to Silver City, appellant informed the officer that he would not submit to arrest if his wife was implicated. The officer replied that people had been killed for resisting an officer, and that the best thing he could do, if he wanted to save his wife, was to admit guilt himself. Prior to this time appellant had denied any knowledge of the incriminating hide which the officer exhibited to him as having been found upon his premises. On the way to Silver City appellant asked that he might stop at his brother's and inform him of his situation. This the officer refused. The officer also, during the journey, urged appellant that the only way he could keep his wife out of trouble was to plead guilty himself. He also promised appellant that he would recommend a suspended sentence and told him that he believed the judge would act upon his advice. After being lodged in jail a short time at Silver City, appellant was taken to the chambers of the district judge, where he pleaded guilty to the information as above stated; the whole proceeding being crowded into one afternoon. Appellant was not represented by counsel and was not informed of his constitutional rights. While there is, in addition to the information, a complaint in the record, sworn to by the district attorney, before the district judge, and entitled in the district court, it does not clearly appear that any proceedings were had thereon by way of preliminary examination. Appellant claims that he is not guilty of the offense charged and makes some explanation of the incriminating evidence against him, which is, in some respects, corroborated by others.

The trial court, finding that "the said plea of guilty was freely and voluntarily made and that the matters and

things alleged in the application * * * are not true in fact," denied the motion. The order contains a recital of a colloquy between the court and appellant at the time sentence was pronounced, in the course of which appellant admitted that he had roped a calf six or seven months old, branded and earmarked, the ownership of which was at the time unknown to him. This is the only fact recited or found by the court, and the only thing in the record tending to offset appellant's showing. Appellant's family consisted of a wife and five small children, and he was ignorant of court procedure and of the rights of persons accused of crime.

Counsel agree that an application of this sort is addressed to the discretion of the trial court, and that the only question for review is whether discretion was abused. Apparently the weight of authority supports that view. 16 C. J. "Criminal Law," § 728 et seq.; annotation, "Right to Withdraw Plea of Guilty," 20 A. L. R. 1445.

The order appealed from is somewhat equivocal. The fact that, in addition to the formal plea of guilty, appellant, under examination by the court, circumstantially admitted the offense, though of some persuasive force on the question of guilt or innocence, does not seem to have any great bearing upon the voluntary character of the plea. It was a simple story, and, as appellant's counsel points out, not an unnatural one for appellant to tell in support of his plea, while laboring under the belief that he could thus protect his wife from prosecution and himself receive a suspended sentence.

There is nothing in this record to indicate that the motion is made merely for delay or in bad faith. The record does not, in our judgment, support the finding that the plea was freely and voluntarily made. It is probable that the trial court was fully convinced of appellant's guilt and denied the motion because he conceived that substantial justice had been done. If the record so showed, we should probably not disturb the ruling, but we are not satisfied that it does.

We shall not undertake to lay down any rule by which discretion is to be measured in cases of this kind. Each case presents a different situation, and must be determined accordingly. We do not point to any one circumstance in this case and say that because of it appellant was entitled to withdraw his plea. But considering all the facts, it seems to us that the ends of justice demand it. The courts must stand impartial as between the public and persons accused of crime. Where one who has pleaded guilty, makes prompt application to change his plea, and it appears, undisputed, that he has been induced thereto by threat of worse consequences and by aroused hope of leniency, that he has been denied opportunity to advise with his friends, has not had the benefit of counsel, is ignorant of the processes of the law, has not been informed of any of his rights, claims that he is not guilty, and makes some showing of a defense, we hesitate to say that it is within discretion to deny his application. If he is indeed guilty of the crime charged, the law may still be vindicated. If his showing is true, he will, under the ruling complained of, suffer a great wrong. The truth of his showing we are compelled to accept, since the state did not see fit to dispute it in any particular.

We think that the conclusion we reach is in line with the best policy and with the weight of authority. See, generally, 20 A. L. R. 1445, cited supra. As most nearly in point of the decisions we have examined, the following are mentioned: Myers v. State, 115 Ind. 554, 18 N. E. 42; Clay v. State, 82 Fla. 83, 89 So. 353; People v. Byzon, 267 Ill. 498, 108 N. E. 685.

So holding, we sustain the appeal. The cause will be remanded with direction to the district court to set aside the judgment and sentence and to enter appellant's plea of not guilty.

It is so ordered.

PARKER, C. J., and BICKLEY, J., concur.