25318.  SAMMONS *v.* THE STATE.

DECIDED MAY 26, ·1936.

*Casey Thigpen,* for plaintiff in error.
*J. Cecil Davis, solicitor-general,* contra.

MacIntyre, J.  Grady Sammons was convicted in the superior court of Glascock county of illegally possessing intoxicating liquor.  Sammons expressly abandons the general grounds of his motion for new trial, but insists on both the special grounds of his motion.

It appears from the first special ground that a witness for the State testified: "I know Grady Sammons. . . He had two pint bottles and two half-pint bottles of intoxicating liquor. . . I don't have the liquor here to-day.  I am positive it was liquor.  There was a dozen or more coming in the store, each looking at it, and some of them tasted it.  I may have tasted it.  I could tell it was liquor.  I don't recall whether I. tasted it or not." Error is assigned because the court overruled the following motion: "We move to rule out all the testimony of the witness with reference to the fact that that was liquor, because the alleged liquor is not introduced in evidence, and that the alleged liquor is the highest and best evidence, and his testimony is simply hearsay."  In *Stoker* v. *State,* 23 *Ga. App.* 11 (2) (97 S. E. 273), this court said:  "The court did not err in admitting in evidence the contents of a jug and a flask which witnesses for the State found on the person of the defendant and examined, and which they testified positively contained 'whisky,' although they testified also that they did not taste it and did not know that it was intoxicating. . ."  See also *Smith* v. *State,* 17 *Ga. App.* 118 (86 S. E. 283); *Bragg* v. *State,* 33 *Ga. App.* 608 (5) (127 S. E. 474).  We hold that the court's ruling was not error.

Error is next assigned because the trial judge overruled the following written motion: "Now comes the defendant . . , who is under indictment for the offense of having liquor in pos-

session, which is a misdemeanor, and at the time when his case has been called for trial, and here and now, waives a trial by jury, and respectfully demands a trial before the court without a jury, the defendant having a legal right to make such choice." The court ruled as follows: "The above motion having been made and the solicitor-general of Toombs circuit and the judge of said circuit not agreeing thereto, said motion is hereby denied." If the act establishing a city court provides that all criminal cases in said court *shall* be "tried by the judge thereof without a jury, except when the accused, in writing, shall demand a jury," and a defendant makes proper insistence that he be so tried, it is error for the court to compel him to be tried by a jury. *Wadkins* v. *State*, 127 *Ga.* 45 (56 S. E. 74). The second headnote of that decision is as follows: "Each of the city-court acts construed in *Central Railroad* v. *Gleason*, 69 *Ga.* 200, and *Thornton* v. *Travelers Ins. Co.*, 116 *Ga.* 121 [42 S. E. 287, 94 Am. St. R. 99], conferred power and authority on the presiding judge to try cases without a jury, but was not mandatory like the act now involved." It seems reasonable and logical to conclude that if the statute under consideration in the *Wadkins* case had provided that all criminal cases *may* be tried by the judge without a jury—that is to say, if the statute had been permissive and not mandatory—the court would have reached a conclusion diametrically opposite to the one expressed. In Ickes v. State, 63 Ohio St. 549, 556 (59 N. E. 233), the court was dealing with a statute which provides that "a person indicted for a misdemeanor may, upon his request in writing, subscribed by him and entered on the journal, be tried . . by the court." In affirming the conviction in that case, the court said: "And the only question here is whether the court is required on such application to try the accused without the intervention of a jury. We are of opinion that the statute simply confers authority upon the court to try the accused in that class of cases, and that it is not compulsory upon the court to do so." If there is any law in Georgia making it mandatory for the judge of a superior court to try a misdemeanor case without a jury, we have not seen it, and it has not been called to our attention. The writers of our constitution were careful to preserve to the citizens of this State the right of trial by jury (Code 1933, § 2-4501), but their solicitude did not extend to trials by the judge alone. We

hold that the trial judge did not err in denying the accused a trial by the court without the intervention of a jury.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*