142 P.2d 552

**STATE v. GARCIA.**

No. 4784.

Supreme Court of New Mexico.

Oct. 22, 1943.

E. Forrest Sanders, of Lordsburg, for appellant.

Edward P. Chase, Atty. Gen., and Robert W. Ward, Asst. Atty. Gen., for appellee.

SADLER, Chief Justice.

The defendant appeals from an order overruling his motion to vacate the sentence theretofore pronounced upon him following his plea of guilty to murder in the second degree and to grant him a jury trial upon the charge of first degree murder laid in the information filed against him. The matter was heard before the Honorable Charles H. Fowler, Judge of the Seventh Judicial District, sitting under an order of designation made by the Chief Justice of the Supreme Court upon the request of the Honorable A. W. Marshall,

Judge of the Sixth Judicial District. The appointment was made under the constitutional power vested in the Chief Justice to designate a judge to hold court outside his district where the public business requires. The hearing on the motion, at which testimony was introduced both by the State and the defense, was held at Silver City following which the court entered its order denying the motion, from which the present appeal is prosecuted.

The first point presented for our consideration is the claim that when District Judge A. W. Marshall accepted defendant's plea of guilty and imposed sentence, he was without jurisdiction to preside in the case, having previously consented to disqualification. A decision of this question will require a statement of some pertinent facts.

The homicide occurred on July 31, 1942. Defendant was informed against on a charge of first degree murder on September 3, thereafter, and entered his plea of not guilty on September 8. At some time between last mentioned date and September 28, Judge Marshall entertained a motion for change of venue filed by defendant and made an order denying same. On September 28 the defendant filed in the case his affidavit under 1941 Comp., § 19-508, seeking to disqualify Judge Marshall from further presiding in the case. No order was made on the affidavit but at some time between the date of its filing and November 10, on having the matter called to his attention by defendant's attorney, Judge Marshall advised him that he would accept dis-

qualification. On November 10 Judge Marshall permitted defendant to withdraw his plea of not guilty and enter a plea of guilty following which he sentenced defendant to the penitentiary.

On these facts defendant says the resident judge was disqualified to accept the plea of guilty and sentence him. In this he is in error. As a matter of fact, the defendant himself, by asking the judge to rule upon his motion for change of venue, lost the right to disqualify the judge under the statute mentioned. State ex rel. Weltmer v. Taylor, 42 N.M. 405, 79 P.2d 937; State ex rel. Lebeck v. Chavez, 45 N.M. 161, 113 P.2d 179. And, passing any question of the effect of the judge's "acceptance of disqualification" following filing of the affidavit no formal recusation by entry or otherwise having occurred, if it did operate to disqualify, the disqualification was waived when the defendant voluntarily appeared before him and asked him to accept a plea of guilty to second degree murder. The statutory disqualification may be waived, expressly or by implication. State ex rel. Lebeck v. Chavez, supra.

But two additional ultimate claims of error are presented in the five propositions argued under as many different subdivisions of his brief. They are (1) that the trial court abused its discretion in denying defendant's motion to set aside the judgment and sentence theretofore rendered and grant him leave to withdraw his plea of guilty and under a plea of not guilty have a jury trial; and (2) that defend-

ant was denied the aid of counsel. We shall treat these claims of error in their order.

First, having filed exceptions below to certain of the findings of fact and conclusions of law made by the trial court and having argued same in his brief in chief under the claim that such findings lack substantial support in the evidence, the defendant for the first time raises the question in his reply brief that the findings are not to be considered because made and filed after the court's order denying motion to vacate the judgment and sentence. The record is in somewhat hopeless confusion in this respect. The order denying this motion of defendant was made and entered on January 25, 1943, immediately following the conclusion of the hearing on the motion. On January 28, thereafter, the defendant filed his application for an appeal from said order, correctly identifying it as having been signed on January 25 but erroneously referring to it as having been entered on January 26, the day following its actual entry. On February 8, 1943, there was filed in the cause an order dated January 29, 1943, allowing an appeal from the order "signed on the 25th day of January, 1943 and entered herein on the 26th day of January, 1943."

■ In the meantime, and on February 5, 1943, there was filed with the clerk "the Court's decision, findings of fact and conclusions of law", bearing date January 29, 1943, and containing a further order reading "Therefore, it is the Decision of

the Court that the defendant's said motion be and it is hereby denied". If the defendant's application for appeal and the order denying same could be related to the denial of the motion just quoted, his calling our attention to the fact that the findings were made after the entry of the order appealed from would be pointless because actually they are embraced in that order. It seems impossible, however, to relate the application for and the order allowing appeal to this second denial of the motion since both said application and first order of denial antedate the second such order. Therefore, we must accept the defendant's claim that the findings and conclusions were filed too late and are not to be considered by this court. It is difficult to see how this aids defendant since the findings, if considered, support the order and, when ignored, the defendant, having requested no findings himself, is met with the full force and effect of the presumption that the evidence supports the trial court's exercise of its discretion in ruling on the motion.

■ On the claim of an abuse of discretion, the defendant places chief reliance on our decision in State v. Brown, 33 N.M. 98, 263 P. 502, 504, where we reversed the trial court's action in overruling a motion to vacate the judgment and sentence and permit a withdrawal of a plea of guilty and the entry of a plea of not guilty. The facts of that case are so different from those disclosed by the record before us that it furnishes no precedent for awarding the defendant the relief here sought. We there

accepted as correct counsel's agreement that an application of this sort is addressed to the discretion of the trial court, presenting as the only question for review a claimed abuse of such discretion and we indicated that the weight of authority supported such view, citing 16 C.J. "Criminal Law", § 728 et seq.; 22 C.J.S., Criminal Law, § 421; and the annotation "Right to Withdraw Plea of Guilty", 20 A.L.R. 1445, to which now may be added the supplemental annotation in 66 A.L.R. 628. In stating the conditions under which a refusal of defendant's application would represent an abuse of discretion, we said: "Where one who has pleaded guilty, makes prompt application to change his plea, and it appears, undisputed, that he has been induced thereto by threat of worse consequences and by aroused hope of leniency, that he has been denied opportunity to advise with his friends, has not had the benefit of counsel, is ignorant of the processes of the law, has not been informed of any of his rights, claims that he is not guilty, and makes some showing of a defense, we hesitate to say that it is within discretion to deny his application. If he is indeed guilty of the crime charged, the law may still be vindicated. If his showing is true, he will, under the ruling complained of, suffer a great wrong. The truth of his showing we are compelled to accept, since the state did not see fit to dispute it in any particular."

▮ Several of the conditions enumerated in the foregoing statement are absent in defendant's case. Certainly he was not denied the opportunity to advise with his friends and relatives. To say the least, he had the benefit of counsel from shortly following his arrest until a day or two prior to his decision to withdraw his plea of not guilty and enter a plea of guilty, when he notified counsel of his intention to get along without an attorney. He makes no claim that he is not guilty of some degree of the offense charged and we are not here, as we were in State v. Brown, compelled to accept as true the showing made by defendant in support of his motion by reason of the State's failure to dispute it in any particular. At the hearing in the case at bar, the State disputed defendant's showing in every particular and the trial court resolved the issues against him.

▮▮ The trial court has authority upon a proper showing to permit a defendant to withdraw a plea of guilty and interpose a plea of not guilty. 22 C.J.S., Criminal Law, p. 637, § 421. The application, of course, is addressed to the sound, legal discretion of the trial court and will be disturbed upon review only where a manifest abuse of such discretion is made clearly to appear. 24 C.J.S., Criminal Law, p. 747, § 1862; Annotation in 20 A.L.R. 1445, supplemented in 66 A.L.R. 628; Territory v. Cook, 7 N.M. 248, 33 P. 1022; State v. Brown, supra. Until such an abuse of discretion clearly appears, the reviewing court will indulge every presumption in favor of the trial court's proper exercise of its discretion. McClain v. State, 165 Ark. 48, 262 S.W. 987. Tested by this rule,

we find no abuse of discretion in the trial court's refusal to permit withdrawal of the plea of guilty upon the ground that the same was not voluntarily made or that defendant was deceived or misled by anyone in authority as to the extent of the punishment that would be meted out to him.

The homicide occurred on July 31, 1942. An information charging first degree murder was filed on September 3, thereafter. Five days later, on September 8, the defendant appeared for arraignment accompanied by his attorney and entered a plea of not guilty. His attorney prepared, filed and argued a motion for change of venue, which was denied by the court at sometime prior to September 28, 1942. On the last mentioned date the attorney, acting for the defendant, filed in the case a statutory affidavit of disqualification against the judge, having theretofore taken an appeal to the Supreme Court from the order denying the motion for change of venue. These are undisputed facts in the case.

 An issue of fact arose on the question whether between the last of these formal acts on the attorney's part and November 10, 1942, the defendant discharged him, voluntarily appeared before the District Judge whose disqualification had been sought, and withdrew his plea of not guilty and entered a plea of guilty. It would serve no useful purpose to detail the conflicting evidence on this factual issue. It is enough to say that there is substantial evidence to support the trial court's finding that defendant, who was in jail in Silver City, discharged his attorney and caused him to be notified that his services were being dispensed with and that defendant was going to appear before the court and plead guilty to murder in the second degree. His attorney had not advised a plea of guilty nor was there any consultation between him and the defendant, prior to the plea of guilty, after the attorney received notice of the defendant's intention so to plead. Other contentions on the facts were made as that defendant, a young man twenty years of age, did not speak and understand English understandingly and that the guilty plea was entered under the influence of promises of mitigated punishment, all of which were resolved against defendant, as was the principal issue mentioned above, by the trial court's action in denying his motion to set aside the judgment and sentence. While the trial judge made no formal findings, at the conclusion of the hearing on the motion, he stated into the record the following, to-wit: "Then comes the question of sufficiency of showing on this motion to vacate a judgment and sentence of the Court, which we test by the rules of writ of coram nobis. In my opinion, the showing is not enough to destroy the effect of the judgment and sentence or set it aside. The defendant is charged with murder; he is a little less than twenty-one years old; from observation, as well as testimony given, I think he is competent to discharge his attorney, is competent to evaluate the proposition of withdrawing his plea of not guilty and entering a plea of guilty; I am satisfied that he was then, or

has since become, disappointed in the sentence that he received on his plea; I do not find that he was misled in any way as to what the sentence probably would be. He was charged with first degree murder and charged also with the knowledge of the penalty which would be not less than life and might be a death sentence; that the plea of not guilty was voluntarily withdrawn by him and the plea of guilty entered with knowledge of the circumstances. I think he was competent to do that; waive trial by jury; to waive the right of counsel at the time of the withdrawal of his plea and the entry of his plea of guilty to second degree murder and receive the judgment and sentence of the Court."

■ Next, it is claimed the defendant was denied due process of law as contemplated by the fourteenth amendment to the Constitution of the United States in that he did not have the assistance of counsel at the time he withdrew his plea of not guilty and entered a plea of guilty to murder in the second degree. This presents, perhaps, the most serious challenge made to the correctness of the trial court's order declining to set aside the sentence pronounced on the defendant and award him a jury trial. A review of the record, however, satisfies us, as it did the trial judge, that none of the defendant's constitutional rights were invaded or ignored. The defendant's claim in this connection must relate itself to the events on and immediately preceding the day of his sentence, since, from the period shortly following his arrest until a day or two before sentence, when he discharged his attorney, he had able legal assistance.

From the time of the decision in Powell v. Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L. Ed. 158, 84 A.L.R. 527, it has been settled that notwithstanding the specific guaranty to an accused in the sixth amendment of the right to the assistance of counsel in criminal prosecutions in the federal courts, under certain circumstances the absence of counsel in like situation in the state courts will be a denial of due process within the intendment of the fourteenth amendment to the federal constitution. See, also, Betts v. Brady, 316 U.S. 455, 62 S.Ct. 1252, 86 L.Ed. 1595. However, what in these cases is read from the amendment as a matter of construction, appears as a specific guaranty in Art. 2, § 14, of our own constitution providing that "in all criminal prosecutions, the accused shall have the right to appear and defend himself in person, and by counsel * * *".

■ This guaranty is exactly what its language imports—a right or privilege— and, as in the case of privileges generally, may be waived. The only condition of such a waiver is that it shall represent a competent and intelligent act by one having knowledge of his constitutional right to the assistance of counsel. Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461. The right is not unlike other guaranties found in the federal and state constitutions as, for instance, that of a jury trial. But in Patton v. United States, 281 U.S. 276,

74 L.Ed. 854, 50 S.Ct. 253, 70 A.L.R. 263, it was held the right to jury trial, even in a felony case, could be waived by a defendant. With that case as a persuasive precedent, we held to the same effect in State v. Hernandez, 46 N.M. 134, 123 P.2d 387. We indulged the cautionary remark, however, that a right so important was "not to be lightly held the subject of waiver." We accordingly approved what was said in the concluding paragraph of the opinion in the Patton case as to the safeguards to be thrown around an exercise of the right to waive a jury in felony cases. In Johnson v. Zerbst, supra, Mr. Justice Black, speaking for the court, used language of similar cautionary tone touching waiver of the right to assistance of counsel. He said [304 U.S. 458, 58 S.Ct. 1023, 82 L.Ed. 1461]: "While an accused may waive the right to counsel, whether there is a proper waiver should be clearly determined by the trial court, and it would be fitting and appropriate for that determination to appear upon the record."

In Adams v. United States, 317 U.S. 269, 63 S.Ct. 236, 240, 87 L.Ed. 209, 143 A.L.R. 435, our nation's highest court rejected as illogical the reasoning that would secure to an accused acting freely and intelligently the right to waive counsel, and yet deny to him after so electing the right to waive jury trial without the advice of counsel. Among other things, the court said: "It hardly occurred to the framers of the original Constitution and of the Bill of Rights that an accused, acting in obedience to the dictates of self-interest or the prompting of conscience, should be prevented from surrendering his liberty by admitting his guilt. The Constitution does not compel an accused who admits his guilt to stand trial against his own wishes. Legislation apart, no social policy calls for the adoption by the courts of an inexorable rule that guilt must be determined only by trial and not by admission. A plea of guilt expresses the defendant's belief that his acts were proscribed by law and that he cannot successfully be defended. * * * The task of judging the competence of a particular accused cannot be escaped by announcing delusively simple rules of trial procedure which judges must mechanically follow. The question in each case is whether the accused was competent to exercise an intelligent, informed judgment—and for determination of this question it is of course relevant whether he had the advice of counsel. But it is quite another matter to suggest that the Constitution unqualifiedly deems an accused incompetent unless he does have the advice of counsel."

There follows mention of the previous holding of the court that one charged with a serious federal crime may waive his constitutional right to jury trial under proper safeguards. Then the court continues:

"But we are asked here to hold that an accused person cannot waive trial by jury, no matter how freely and understandingly he surrenders that right, unless he acts on a lawyer's advice. In other words, although a shrewd and experienced layman may, for his own sufficient reasons, con-

duct his own defense if he prefers to do so, nevertheless if he does do so the Constitution requires that he must defend himself before a jury and not before a judge. But we find nothing in the Constitution, or in the great historic events which gave rise to it, or the history to which it has given rise, to justify such interpolation into the Constitution and such restriction upon the rational administration of criminal justice.

"The right to assistance of counsel and the correlative right to dispense with a lawyer's help are not legal formalisms. They rest on considerations that go to the substance of an accused's position before the law. The public conscience must be satisfied that fairness dominates the administration of justice. An accused must have the means of presenting his best defense. He must have time and facilities for investigation and for the production of evidence. But evidence and truth are of no avail unless they can be adequately presented. Essential fairness is lacking if an accused cannot put his case effectively in court. But the Constitution does not force a lawyer upon a defendant. He may waive his constitutional right to assistance of counsel if he knows what he is doing and his choice is made with eyes open. Johnson v. Zerbst, 304 U.S. 458, 468, 469, 58 S.Ct. 1019, 1024, 1025, 82 L.Ed. 1461."

 In view of the fact that defendant had enjoyed the assistance of counsel for three months preceding his plea of guilty, it may be assumed that he not only knew of his constitutional right to counsel but had been advised as well concerning other important rights and matters relating to his defense. Orr v. State, 200 Ind. 27, 161 N. E. 269. Knowing his counsel as we do, we entertain no fear that the assumption indulged does not accord with the facts.

 So, after all, defendant's contention reduces itself practically to the proposition that an accused may not plead guilty except upon the advice of counsel. This is only a slight variation of the question decided in Adams v. United States, supra. Both upon considerations of sound reason and authority of the Adams case, we decline so to hold. While it is true much is said in argument about defendant's incapacity because of youth—he was twenty years of age—and of the claim that he had only a limited knowledge of the English language, the judge designated to entertain his motion heard the defendant testify, as well as the other witnesses, and ruled all these issues against him. We have then, the case of a defendant old enough to know what he was doing, who acted intelligently in discharging his attorney and in following the advice of his mother, uncle and a family friend and in entering a plea of guilty—but without the advice of counsel. Can this be done? We give an affirmative answer. Apparently, as suggested by the trial court, he was disappointed in the sentence received. However, "simply because a result that was insistently invited, namely, a verdict by a court without a jury, disappointed the

hopes of the accused, ought not to be sufficient for rejecting it". Adams v. United States, supra; see, also, People v. Dabner, 153 Cal. 398, 95 P. 880; People v. Manriquez, 188 Cal. 602, 206 P. 63, 20 A.L.R. 1441; Monahan v. State, 135 Ind. 216, 34 N.E. 967. Neither should it be sufficient ground for setting aside a sentence received upon a plea of guilty intelligently entered, although without the advice of counsel, that a defendant was disappointed in the punishment meted out to him.

Finding no error, the judgment of the trial court is affirmed.

It is so ordered.

MABRY, BICKLEY, BRICE, and THREET, JJ., concur.