191 P.2d 334

**STATE ex rel. GUTIERREZ, District Attorney, v. FIRST JUDICIAL DIST. COURT WITHIN AND FOR McKINLEY COUNTY et al.**

No. 5100.

Supreme Court of New Mexico.

March 22, 1948.

Marcelino P. Gutierrez, of Santa Fe;. and Owen B. Marron, of Albuquerque, and Denny & Glascock, of Gallup, for relator..

Rodey, Dickason & Sloan, of Albuquerque, for respondents.

SADLER, Justice.

The relator seeks by Prohibition against the District Court of the First Judicial District for McKinley County and R. F. Deacon Arledge sitting as Judge thereof an answer to the question whether an accused

in a felony prosecution, upon approval by the court of accused's waiver of jury trial, may be tried before the court without a jury, notwithstanding the state declines to consent and formally objects thereto.

The accused was about to be placed on trial for the commission of a felony. He formally waived trial before a jury and announced a desire for trial before the court without a jury. The state declined to consent to the waiver and announced that it would insist upon a jury trial. Thereupon, the respondent judge approved the accused's waiver and was about to proceed with the trial without a jury after overruling the state's objection to the waiver. The state on relation of the district attorney of the first judicial district then sued out an alternative writ of prohibition before us. Now, upon submission of the matter on the merits, we are asked by relator to perpetuate the writ and by the respondents to discharge it. Neither side questions, both conceding, the propriety of prohibition as a remedy.

We think the writ was not improvidently issued. The question presented has never been judicially determined in this jurisdiction although some of our decisions incline us to the view announced. They are the cases of State v. Hernandez, 46 N.M. 134, 123 P.2d 387; State v. Garcia, 47 N.M. 319, 142 P.2d 552, 149 A.L.R. 1394, and State v. Shroyer, 49 N.M. 196, 160 P.2d 444. In the Hernandez case, the precise question was whether a defendant *could* waive his right to a jury trial. In territorial days, in the case of Territory v. Ortiz, 8 N.M. 154, 42 P. 87, the right of defendant to waive jury trial in a felony case had been denied. In the Hernandez case we overruled the Ortiz case upon the authority of Patton v. United States, 281 U.S. 276, 50 S.Ct. 253, 263, 74 L.Ed. 854, 70 A.L.R. 263, in which the right of an accused to waive trial by jury even in a felony case was finally set at rest. Nevertheless, the United States Supreme Court felt called upon in closing its opinion to add the following cautionary remarks touching exercise by an accused of his right or privilege to waive jury trial. The court said:

"In affirming the power of the defendant in any criminal case to waive a trial by a constitutional jury and submit to trial by a jury of less than twelve persons, or by the court, *we do not mean to hold that the waiver must be put into effect at all events.* That perhaps sufficiently appears already. Trial by jury is the normal and, with occasional exceptions, the preferable mode of disposing of issues of fact in criminal cases above the grade of petty offenses. In such cases the value and appropriateness of jury trial have been established by long experience, and are not now to be denied. Not only must the right of the accused to a trial by a constitutional jury be jealously preserved, but the maintenance of the jury as a fact-finding body in criminal cases is

of such importance and has such a place in our traditions, that, *before any waiver can become effective, the consent of government counsel and the sanction of the court must be had,* in addition to the express and intelligent consent of the defendant." (Emphasis ours.)

The foregoing language from the opinion in the Patton case constitutes its concluding paragraph. In State v. Hernandez, supra, we commented on same, as follows [46 N.M. 134, 123 P.2d 388]:

"The right of waiver with the safeguards thrown around its exercise in felony cases, as outlined in the concluding paragraph of the opinion in the Patton case, would seem more consonant with reason, justice and the orderly dispatch of judicial business than the conclusion reached in the Ortiz case."

Again in State v. Garcia, supra, after recalling our holding that the right to a jury trial could be waived, even in a felony case, we said [47 N.M. 319, 142 P.2d 557]:

"We indulged the cautionary remark, however, that a right so important was 'not to be lightly held the subject of waiver.' We accordingly approved what was said in the concluding paragraph of the opinion in the Patton case as to the safeguards to be thrown around an exercise of the right to waive a jury in felony cases."

Counsel for respondents recognize that in the language of this court in the Her-nandez, Garcia and Shroyer cases, approving the cautionary remarks of the court in the Patton case, already quoted, they are faced with persuasive authority against their position. In answer, they argue that in what is said in the Patton case on the right of government counsel to object to an accused's waiver of jury, we are confronted with pure obiter dictum. Hence, we should not feel ourselves bound by it. Even so, and granting that the precise question was not there before the court, if the pertinent language be dictum, it comes from a high source and on three separate occasions, we have seen fit to approve it, without reservation. In the face of a like claim as to the character of the pronouncement in the Patton case, federal circuit courts of appeal and state courts as well continue to follow it as expressing a salutary limitation on the unrestricted right of an accused to waive trial by jury. United States v. Dubrin, 2 Cir., 93 F.2d 499; Rees v. United States, 4 Cir., 95 F.2d 784; Taylor v. United States, 9 Cir., 142 F.2d 808; C. I. T. Corporation v. United States, 9 Cir., 150 F.2d 85; People v. Scornavache, 347 Ill. 403, 179 N.E. 909, 79 A.L.R. 553, with annotation of question involved at page 563.

In C. I. T. Corp. v. United States, supra, where it was sought to weaken the Patton case as authority by the contention that what was there said on the precise question before us is dictum, the court said [150 F.2d 92]:

"If the rule of the Patton case be dictum because the government had consented to the waiver, so also is the money lender's claimed interpretation of the Adams case [Adams v. United States, 317 U.S. 269, 63 S.Ct. 236, 87 L.Ed. 268, 143 A.L.R. 435]. There, also, the United States had joined in the waiver.

"The Supreme Court in the Adams case summarizes its holding in the Patton case without suggestion that its statement of the law is in error. We do not agree that the latter case thus sub silentio overrules the statement of the earlier that 'the maintenance of the jury as a fact-finding body in criminal cases is of such importance and has such a place in our traditions, that, before any waiver can become effective, the consent of government counsel and the sanction of the court must be had, in addition to the express and intelligent consent of the defendant.'"

The opinion in the case of People v. Scornavache, supra, by the Supreme Court of Illinois contains an illuminating discussion of the whole subject. It is the more valuable to us as precedent by reason of the fact that the pertinent constitutional provisions affording an accused the guaranty of jury trial in Illinois are in language almost identical with that in our constitution. See N.M.Const. art. 2, §§ 12 and 14, and Ill.Const. Art. 2, §§ 5 and 9. The holding in the case mentioned is indicated by the following language from the opinion, to-wit [347 Ill. 403, 179 N.E. 912]:

"No case appears in the books holding that, in the absence of a statute so providing, the accused in a criminal case has a right, without the consent of the prosecution, to determine that the case shall not be tried by jury."

The Court delivered itself of other remarks, so pertinent to the question involved that we quote them, as follows:

"There is, of course, nothing in the Constitution conferring the right of jury trial on the state, but such has for centuries been the established mode of trial in criminal cases. The maintenance of a jury as a fact-finding body occupies that place in government, as we know it in America, which in the absence of a statute so providing, requires that such trial be not set aside merely on the choice of the accused.

"* * * The protective provision of the Constitution was not designed to enable the accused to say there shall be no jury trial, but, on the contrary, to enable him to say there shall be such a trial. The right to a jury trial is not the right to be tried without a jury."

Counsel for respondents cite cases from Georgia and Texas as authority for the contention that consent of the state to a defendant's waiver of jury is unessential. The cases are Sammons v. State, 53 Ga. App. 369, 185 S.E. 923; Palmer v. State,

195 Ga. 661, 25 S.E.2d 295, and Schulman v. State, 76 Tex.Cr.R. 229, 173 S.W. 1195. And we may add to the case last cited, Mackey v. State, 68 Tex.Cr.R. 539, 151 S.W. 802; and Kuhn v. State, 142 Tex. Cr.R. 40, 151 S.W.2d 208. It is claimed that, in the absence of substantial differences in constitutional context from that obtaining here, in the decisions cited the courts reached conclusions in accord with respondents' contention that consent of the state is not required to effectuate a defendant's waiver of jury trial.

We do not so interpret these decisions. In each state the court had before it, in Texas a statute and in Georgia an ordinance, giving the accused the right to waive a jury in misdemeanor prosecutions. In the Palmer case, the court was dealing with a felony case and also a code provision providing that "a person may waive or renounce what the law has established in his favor." The Code (Ga.) § 102-106. The Court merely held it would apply the rule in misdemeanor cases to felony prosecutions and accorded the trial judge the right to refuse a request for jury trial. The holding, in the Sammons case was to the same effect. The Texas cases likewise interpreted a statute giving the accused the right to waive a jury in misdemeanor cases and held its effect was to render consent of the state unnecessary. Whether the same rule would be applied there in felony cases, we do not know. In holding as it did as to misdemeanor prosecutions, however, the Texas courts may very well have concluded that so far as the state was concerned, in enacting the statute the legislature itself had consented to trial without a jury in cases where the defendant should waive one. *We have no such statute in New Mexico as the one referred to in Texas,* nor do we have one similar in import to the ordinance involved in the Georgia decisions.

It is claimed by respondents that sound reason and principle sustain their position even if it can be said the language of the court in Patton v. United States is not mere dictum. (We think it is something more.) They base their argument in this connection upon the absence of any guaranty to the state of a jury trial and a conception of the guaranty to an accused as one wholly and solely for his peculiar benefit. Accordingly, what is his to enjoy is his to waive.

We doubt not that the United States Supreme Court in the Patton case was mindful of these considerations when it made the pronouncement it did touching the safeguards to be employed in the exercise by a defendant of his right of waiver. Nevertheless, it failed to accord them decisive effect. It may very well have felt, as its pronouncement strongly indicates, that an institution so deeply imbedded in English and American jurisprudence as the traditional jury in the trial of criminal cases, although appearing in federal and state

constitutions as a guaranty to the accused alone, was not to be denied through judicial interpretation the reciprocal effect in right and enjoyment by the state historically accorded it. Whether so or not such is the effect of its decision. We already have been content to give formal approval to its holding on three separate occasions. We thus have no hesitancy in now following and applying same to the facts of this case.

Although it adds nothing to the effect of federal decisions on the subject, it is worthy of note that the practice forecast by them is now settled by a formal rule in the federal courts. Rule 23(a), Federal Rules of Criminal Procedure, 18 U.S.C.A. following section 687, reads:

"Rule 23(a). Trial by jury. Cases required to be tried by jury shall be so tried unless the defendant waives a jury trial in writing wtih the approval of the court and the consent of the government."

It should be here mentioned that one of the grounds set up for a writ of prohibition was that the respondents, acting in excess of their jurisdiction, had ordered and were about to enforce the filing with the papers in the case of a transcript of the testimony of certain witnesses at the preliminary hearing of the accused, taken down for the state by a shorthand reporter employed specially for that purpose by the relator. The alternative writ issued, in ad- dition to restraining respondents from proceeding to trial without a jury pending final hearing herein, likewise ordered respondents to refrain from enforcing the order to file the transcript for the same period. The relator now has admitted that the order for filing transcript is a matter within the jurisdiction of the district court and has disclaimed reliance upon it as a ground for the writ.

We are well satisfied that the trial court may not, over the state's objection, proceed to try the defendant without the presence and participation of a jury. Lacking the *right,* in this instance, it lacks the *power* so to do. For interesting articles on the subject involved, see 18 Am. Bar Ass'n. Journal 226; 25 Mich.L.Rev. 695; 45 Harv.L.Rev. 932, and 27 Ill.L.Rev. 447. Accordingly, the alternative writ of prohibition will be made absolute in so far as it restrains respondents from proceeding to trial of defendant without a jury. It will be discharged in so far as it restrains them from enforcing the order relative to filing of a transcript of some of the testimony taken at the defendant's preliminary hearing.

It is so ordered.

BRICE, C. J., and McGHEE and COMPTON, JJ., concur.

LUJAN, J. did not participate.