366 P.2d 441

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**C. D. CLINE, Defendant-Appellant.**

No. 6762.

Supreme Court of New Mexico.

Oct. 17, 1961.

Motion for New Trial and Stay of Proceedings Denied Dec. 7, 1961.

Mack Easley, Robert F. Pyatt, Hobbs, for appellant.

Hilton A. Dickson, Jr., Atty. Gen., Thomas O. Olson and Norman S. Thayer, Jr., Asst. Attys. Gen., for appellee.

CARMODY, Justice.

The defendant was convicted on each of two counts on the charge of statutory rape, and this appeal followed.

The only question is one of law, having to do with the trial court's refusal to recognize an affidavit of disqualification filed under § 21–5–8, N.M.S.A.1953.

The facts necessary for decision are: On June 4, 1958, the defendant and his then attorney appeared before The Honorable John R. Brand, one of the district judges of the Fifth Judicial District, for arraignment. At the commencement of the proceedings, defendant's attorney engaged in a discussion with the judge as to the filing of a motion for continuance, inasmuch as a preliminary hearing had not been held until after the first day of that term of court, and the attorney contending that the case was not ripe for trial until the next term. The court ordered the defendant arraigned and, through his attorney, defendant entered a plea of not guilty, but immediately thereafter requested permission to withdraw the plea. The state did not object to the request for withdrawal, and it was thereupon allowed by the court. Thereafter, additional discussion was had as to the time that the case might be set for trial, but the court refused to make any commitment until after the defendant had been arraigned. The defendant's counsel thereupon refused to enter a plea and the court ordered a plea of not guilty entered on his behalf. Following this, there was additional discussion as to when the case would be tried, with Judge Brand saying that he would not be able to try it during a certain week, but that Judge Harris, another judge of the Fifth Judicial District, would be able to hear any motions for continuance that were filed by the defendant.

There was no actual trial date set, but the suggestion appears in the record that the case would probably be set for a time about two weeks in the future. Five days after this hearing, the defendant filed an affidavit of disqualification, attempting thereby to disqualify all of the resident judges of the Fifth Judicial District. Judge Brand refused to recognize the attempted disqualification and ordered it stricken, on the ground that he had theretofore exercised judicial discretion in rejecting the defendant's efforts to postpone arraignment, in allowing the defendant to withdraw his plea of not guilty, and in arranging for a possible setting of the case before Judge Harris. There was considerable delay in the case being brought to trial, and it was actually tried in January of 1960 by a jury before Judge Brand.

The exact question before us is whether or not, under these facts, judicial acts were performed by the judge prior to the disqualification and thereby precluding the defendant from exercising such right.

The question of the timeliness of filing an affidavit of disqualification has been before the court on numerous occasions, and we have specifically held that a litigant cannot experiment with the judge and, upon encountering an adverse ruling, file an affidavit of prejudice. State ex rel. Shufeldt v. Armijo, 1935, 39 N.M. 502, 50 P.2d 852, 855. In the above case, we

said that the affidavit must be filed before any hearing on an "issue," and stated:

"* * * In a broad sense, a hearing includes every step therein where the judge is called upon to rule for or against any party to the cause. It is the judicial examination of the 'issue' in the broad sense that is contemplated by chapter 184.

"We hold that an affidavit of prejudice is timely made if filed and called to the attention of the court before it has made any ruling on any litigated or contested matter whatsoever in the case, either on a motion, demurrer, or plea of the party making the affidavit, or on the motion, demurrer, or plea of any other party to the action, of the hearing of which the party making the affidavit has been given notice, otherwise it is not timely made. We cannot permit a litigant to test the mind of the trial judge like a boy testing the temperature of the water in the pool with his toe, and if found to his liking, decides to take a plunge. The plunge into the pool of litigation with an affidavit disqualifying the trial judge must be made on a belief of prejudice theretofore entertained, and not on any subsequent discovery of such belief of prejudice resulting from an adverse ruling."

It should be noted that in the above case the affidavit was found to have been timely filed, because there the trial court had at no time been called upon to determine judicially any contested matter in the case, although the trial judge had signed two orders which were entered by consent of all of the parties. As we see it, State ex rel. Shufeldt v. Armijo, supra, should give the defendant no solace, because the factual situation was in nowise similar to that in the instant case.

In State ex rel. Weltmer v. Taylor, 1938, 42 N.M. 405, 79 P.2d 937, 939, we said:

"* * * The affidavit to disqualify a district judge must be filed before a party has called upon the court to act judicially upon any material issue, and before he has participated in any proceeding upon any such issue presented by the adverse party. * * * [H]e should not be permitted to test the presiding judge's attitude upon material issues and if not to his liking, disqualify him. The right to disqualify the presiding judge is based upon an assumed prejudice or bias on his part, and not upon his views regarding the law of the case. (Citations)."

Here, counsel for the defendant had quite obviously tested the mind of Judge Brand, to determine his views as to a continuance, and, apparently being dissatisfied with these views, attempted to exercise the right of disqualification.

Although defendant seriously contends that the actions of the court were ministe-

rial and not judicial, we conclude otherwise. In State ex rel. Lebeck v. Chavez, 1941, 45 N.M. 161, 113 P.2d 179, it was held that the submission of orders for substitution of parties and for a bond for costs was a hearing, in a broad sense, wherein the judge was called upon to rule for or against a party in the case. We find it a little hard to believe that the defendant did not test the mind of the court. Most certainly if the defendant had found the court inclined to be favorable to the motion for continuance, he would have been most happy to have the judge continue to preside. The fact that the court refused to specifically rule upon the matter and the court's statement to counsel that he did not "go along" with counsel's argument but authorized him to file formal motions later, certainly do not serve to make the judge's actions ministerial as distinguished from judicial.

In addition to the above, it can hardly be contended that the court's allowing, even for a short time, the withdrawal of the plea of not guilty was not an act of judicial discretion. We have held in State v. Brown, 1927, 33 N.M. 98, 263 P. 502, and State v. Garcia, 1943, 47 N.M. 319, 142 P.2d 552, 149 A.L.R. 1394, that the application to withdraw a plea or the withdrawal of a plea are matters addressed to the sound discretion of the court. The fact that the application to withdraw was not contested does not affect the exercise of this discretion. A hearing was invited by the defendant and the judge was called upon to rule. State ex rel. Lebeck v. Chavez, supra.

We are therefore of the opinion that the affidavit of disqualification was not timely filed, and that there was no error in the action of the trial court in refusing to recognize the same.

The judgment will be affirmed. It is so ordered.

MOISE and NOBLE, JJ., concur.

COMPTON, C. J., and CHAVEZ, J., not participating.