CROSBY v STATE

Ohio Appeals, 7th Dist, Mahoning Co.
Decided Oct. 17, 1930

Kaufman, Neiman & Kaufman, Youngs-
town, for Crosby.

R. L. Thomas, Youngstown, for State.

MAUCK, J. (4th Dist) sitting in place of
POLLOCK, J.

ROBERTS, J.

It was further claimed that prejudicial error occurred in the conduct and demeanor of the trial judge. The cause was not tried to a jury. Perhaps the judge did not during the trial at all times preserve a judicial demeanor. He did not believe the witness Crosby and frankly told him so. However, we fail to see that this would be reversible error. The attitude of the judge had it been in the presence of a jury might have and presumably would have been otherwise.

It is the theory of counsel for the plaintiff in error in this case that there is nothing to indicate that the place where Crosby was living was other than a bona fide private residence, and such being the fact that his possession of this liquor was lawful, and that he was not under the environments violating 6212-15 GC. A somewhat exaggerated idea of immunity afforded by reason of a bona fide residence prevails among attorneys, particularly those engaged in defending this class of cases. We apprehend that it is not the law of general application that when a person guilty of crime, some other crime, for instance murder or robbery, may successfully flee to his domicile and seek sanctuary there, that he and the ample evidences of his guilt, which he has taken there with him, may not be used in evidence against him and that he may not be prosecuted successfully for the offense.

It is assumed to have been the theory of counsel that in asking for the return of the evidence, that the liquor offered in evidence was not competent as such because there was, as claimed, really no justification for the search. The state provides against the receiving as well as selling and disposing of intoxicating liquors. Concededly, by his own testimony, Crosby illegally received this liquor. It is a little difficult to understand how he might legally receive that which he acquired by crime. It is not the law that it is necessary to show a sale of intoxicating liquor to destroy the otherwise character of a dwelling as a bona fide residence. Other evidence may so indicate. We read paragraph 4 of the case of **Rosanki vs State, 106 Oh St, 442:**

"In prosecutions for violations of the prohibition laws of Ohio, where the charge involves unlawful possession of intoxicating liquors and seizure of any contraband property by an officer, whether the seizure has been made under process unlawfully procured or without any process, will not void the seizure nor authorize an order by a magistrate for the return of such contraband to the person from whose possession the same was taken, unless the seizure was made in a bona fide private dwelling."

We observe that this only indicates certain conditions under which the property unlawfully seized may be returned, but there is no suggestion whatever that it affords any immunity to the person alleged to have committed the wrong. Reading from page 455, in the opinion in this case:

"Only one further question remains to be discussed, viz., whether in a case where liquors have been seized, whether lawfully or unlawfully, whether by virtue of a search warrant or not, and if by virtue of a search warrant, whether the process has been legal or not, the persons from whom such liquors have been taken have a right to demand the return of the liquors before trial, and whether the liquors can under such circumstances be admitted as evidence on the part of the state.

6212-16 GC. provides that 'It shall be unlawful to have or possess any liquor or property designed for manufacture of liquor intended for use in violation of law, or it has been so used, and no property rights shall exist in any such liquor or property."

That being the case, it is now apparent that concededly this liquor having been unlawfully obtained, it was contraband goods, no property right in it, and the defendant had no right to demand the return of it.

It is said further in the opinion:
"It will therefore be seen that the possession constitutes the offense, and placing the contraband property back into the possession of the accused would only have the effect of rendering him again guilty of an offense."

Whatever rights may accrue to a person whose property has been illegally or unlawfully seized upon a search warrant, that has but little, if any, effect upon the proposition of the guilt or innocence of the ac-

cused and the manner in which such guilt may be proved. There is a line of Federal decisions where property has been ordered returned where illegally seized or taken as the result of a search warrant unlwafully issued, but that does not reach' to' and apply to a liquor case where there is an attempt to take back something in which the law recognizes no property right.

In the case of **State v. Sabo, 108 Oh St 200**, it is said in the syllabus:

"A search and seizure made pursuant to a writ thus irregular in form in furtherance of the enforcement of the Crabb Act, resulting in the seizure of contraband property thus found may lawfully be introduced in evidence on the part of the state."

This case in the opinion comments upon the Rosanki case, supra, and then says:

"Under the provisions of the section last above named the facts in the instant cases clearly show that while dwelling houses were searched, they were not that character of bona fide dwellings or residences which were entitled to the protection of those statutes, for the following reasons: First, in some of the cases there is evidence tending to show unlawful sales; second, in some of the cases there is evidence tending to show that the dwellings were used as shops; third, in some of the cases the evidence tends to show that liquors were found which had been illegally manufactured. It is quite clear that the legislature did not intend to guard all places of human habitation against searches, and the records of the instant cases disclose that they come within the provisions of the exceptions contained in the legislative provisions."

There are numerous cases where it has been held that by reason of the quantity of liquor found in the alleged residence, that that of itself was conclusive and sufficient evidence that it was not held or kept for a proper purpose and that the building ceased in its character as a bone fide residence and lost its immunity from search and seizure.

We are somewhat of the mental attitude of the Court of Common Pleas in hearing this case, taking into consideration the circumstances that this dwelling was kept for roomers, the amount of liquor found there, which presumably could not have been consumed by the owner, and in the

statement made by Crosby as to his ability to consume, and the extent that he did consume the liquor, we are reminded of a suggestion which I heard Judge Burrows make once. He didn't believe a witness and he disposed of his testimony in this way. He said when a witness comes into court and testifies he saw a tree growing with roots in the air and branches on the ground, it only proves to me the witness is a liar.

Without devoting any more time to a consideration of this case, we have reached the conclusion that there was no prejudicial error and the judgment is affirmed.

Mauck and Farr, JJ, concur.