People of State of Illinois ex rel. Harold Ball et al., Appellees, v. Willard Johnson et al., Directors of Rural School District 163, LaSalle County, Appellants.

Gen. No. 10,425.

Heard in this court at the May term, 1950. Opinion filed August 18, 1950. Opinion modified and rehearing denied October 4, 1950. Released for publication October 4, 1950.

HIBBS, POOL & LANGER, of Ottawa, for appellants; ERNEST H. POOL, JR., of Ottawa, of counsel.

CHARLES A. HELFFRICH, State's Attorney, of Ottawa, for appellees; WILEY & WILEY, of Ottawa, of counsel.

MR. JUSTICE DOVE delivered the opinion of the court.

This appeal is prosecuted by the directors of Rural School District 163 of LaSalle county to reverse an order of the circuit court of that county which directed the issuance of a writ of mandamus commanding them to permit Dale Ball, Judith Ball, Barbara Ball, Marjorie Ball and Kenneth Ball, the five minor children of the relator, Harold Ball, to attend the school maintained at Seneca, Illinois, by School District 165 and pay said District 165 the tuition of said students or, in the alternative, to permit said students to attend some other convenient school maintained by some other district where transportation will be furnished said students and to pay that district the tuition of said students.

School District 163 has a population of fewer than one thousand inhabitants and is governed by a board of three members whose duties and powers are enumerated in the School Code. (Ch. 122, art. 6, Ill. Rev. Stat. pars. 16–32 and pars. 34–57, inclusive [Jones Ill. Stats. Ann. 123.790–123.806 and 123.808–123.830 (1)].) Section 53 of said article grants to the directors the power "to provide free transportation for pupils, and where in its judgment the interests of the district and of the pupils therein will be best subserved by so doing the board of directors may permit the pupils

in the district or in any particular grade to attend the schools of other districts and may provide free transportation for such pupils and shall pay the tuition of such pupils in the schools attended; provided, that the board subject to the approval of the County Superintendent of Schools may determine what schools outside of their district such pupils shall attend.''

Counsel for appellants insist that appellants are under no duty to furnish transportation for the children of the relator Harold Ball or to pay tuition for them in the Seneca School District; that under the statute they have the power to do so but whether they shall do so is solely an administrative function, the determination of which is vested exclusively in them; that they have not abused their discretion in this matter and unless they have done so and acted arbitrarily, the courts should not intervene.

Counsel for appellees agree that whether appellants shall furnish transportation or pay the tuition for the children of relator Harold Ball in some other school district is an administrative function, the determination of which is vested in appellants and concede that the courts should not intervene unless appellants have arbitrarily abused the discretion vested in them. Counsel insist, however, that in the instant case, the evidence discloses that appellants are not conducting and maintaining a school reasonably accessible to the Ball children and that it necessarily follows that they are abusing their discretion and have acted arbitrarily in refusing to permit these children to attend the school in Seneca and pay their tuition therefor or attend school in some other district which can and will furnish transportation to these pupils.

The evidence discloses that Harold Ball is a construction worker, owns fourteen acres of land and resides thereon with his wife and eight children within the limits of School District 163. No city or village is

located within its boundaries, and the district maintains a one-room school in which grades one to eight, inclusive, are taught. Twenty-two children attend this school, including three from the Heath family, living two and one-fourth miles from the school, three from the Melton family, living one and one-half miles from the school, five from the Kline family, living one and one-eighth miles from the school, and three from the Ball family, the school being three and four-tenths miles from their residence. The father of the Ball children owns and operates an automobile and so does an adult son who lives at home.

About one-half of the land in the district is timber and the balance is marginal. The soil is largely clay and not very valuable. The assessed valuation of all the property within the district for 1948 was $1,075,370. Applying the maximum rate which could be levied by appellants for educational purposes to this assessed valuation, would yield a gross tax of $3,107.82. For the year 1949, appellants levied $3,000 for educational purposes and in addition to ninety or ninety-five per cent of this amount, which the evidence shows will be collected and which the district will receive, it will also receive $164.55 from the State Distributive Fund. The teacher is paid annually $2,565 in twelve instalments of $213.75 each. At the time of the hearing of this case in the circuit court on January 25, 1950, there was a balance of $2,002.82 in the Educational Fund of the district, and no additional funds will be received until after July 1, 1950.

Each appellant testified that in determining whether the municipality of which he was a director should provide transportation for the Ball children or pay tuition for them in a school operated in another district, he took into account the fact that it would be unfair to the seven children of the Heath, Melton and Schroeder families unless the same facilities were

made available to them inasmuch as they could more conveniently attend schools of other districts; that it would be unfair to provide transportation for some of the pupils and refuse it to others; that it is reasonable to expect that if transportation is provided or tuition is paid in another school for the Ball children that like requests will be made by all the pupils in the district; that the district cannot raise sufficient funds to do this; that taking into consideration the character of the property in District 163, the amount levied for school purposes constitutes a heavy burden upon the taxpayers and any increase in the amount of the levy would be unjust to them and unreasonably increase their taxes.

Ray C. Hawley, County Superintendent of Schools of LaSalle County, testified: ''No three director district school in LaSalle County maintaining a school itself furnishes transportation for any of the children residing in the district or pays the tuition of them to attend other schools. No school district operating a school is paying tuition for children to attend another school. There is no operating district furnishing transportation for pupils to attend another school.''

■ The provisions of the School Code imposes certain duties upon appellants as school directors. It likewise grants to them certain powers under which, they may, in their discretion, furnish transportation for pupils in their district or pay the tuition for them in other schools. A discretionary duty always involves the exercise of judgment or discretion. (Bouvier's Law Dictionary.) Appellants, according to the evidence, exercised their judgment and decided adversely to appellees. It is not insisted that, in so doing, appellants acted capriciously or that they were actuated by malice, ill-will, passion or prejudice or that they did not give the request of Harold Ball for transpor-

tation or tuition in another school for his children their respectful consideration or that their decision was not honestly arrived at or that it was not based upon what they believed the facts warranted.

Counsel for appellees argue that the effect of the final judgment of the directors was that the two younger children of Ball were deprived of any chance for a common school education and that the three older children were deprived of their right to attend school regularly. From this, counsel insist that the only reasonable conclusion that can be arrived at is that the directors have abused the discretion with which they were vested.

██ As suggested by counsel for appellants, the phrase, ''abuse of discretion,'' implies not only an erroneous conclusion but that such conclusion was brought about by temper, humor, caprice, passion, prejudice, perversity of will, discrimination, or partiality. Certainly the exercise of honest judgment, based upon facts and conditions carefully considered and innately reasonable cannot be said to constitute an abuse of discretion. In *Gustafson v. Wethersfield Township High School Dist. 191,* 319 Ill. App. 255 at page 258, this court said: ''Since the public educational interest and school affairs in school districts are placed under the control and management of school directors or other school officers, it is necessary that a broad discretion be accorded such officers in order that the authority vested in them may be efficiently and effectively exercised. Although their authority is not without limit, yet a wide range of judgment and discretion must be vested in such officers in the matter of government and details of conducting the schools. In view of these conditions, the courts will not ordinarily interfere by mandamus to direct or control the exercise of their powers or authority so long as the

same are not unreasonable, arbitrary or discriminatory.''

In the instant case, from a careful consideration of this record, we are unable to find anything which leads to the conclusion that appellants have acted unreasonable, arbitrary, or discriminatory. Their decision, supported by facts and circumstances found in this record, was an expression of what they honestly believed to be for the best interests of their school district and the pupils residing therein. Under such a condition, the trial court erred in interfering by mandamus in the exercise of their authority.

The order of the circuit court of LaSalle county will therefore be reversed and the cause remanded to that court with directions to enter an order dismissing the petition.

*Order reversed and cause remanded with directions.*