**STATE, Plaintiff-Appellee, v. KICAK, Defendant-Appellant.**

Ohio Appeals, Seventh District, Mahoning County.

No. 4035.   Decided April 1, 1959.

Thomas A. Beil, Pros. Atty., Clyde Osborne, Thomas L. Corroto, Asst. Pros. Attys., Youngstown, for plaintiff-appellee.

D. F. Rendinell, Youngstown, Walter I. Krewson, Cleveland, for defendant-appellant.

## OPINION

By PHILLIPS, J.

Upon waiver of trial by jury a judge of the court of common pleas found defendant guilty of unlawfully and willfully taking "indecent and improper liberties with the person of one Nancy Lee Hull, then and there being a female person under the age of sixteen years, to-wit: the age of fifteen years, the said J. Francis Kicak without committing or intending to commit the crime of rape upon her, the said Nancy Lee Hull, contrary to the statute in such cases made and provided and against the peace of the State of Ohio."

The trial judge fined defendant $500.00 and costs and entered judgment accordingly, from which judgment defendant appealed to this court on questions of law.

There is evidence that during a visit of the complainant with her sister, mother and grandfather to the office of defendant, aged fifty-nine years, on a Sunday afternoon defendant during the absence of the grandfather, who was ordered out of defendant's office, wanted to know how the mother and sister were doing and everything and "we told him 'yes'; that he wanted to know if we was clean and we told him, 'yes'; that he 'called one of us at a time and told me to pull down my pants, then he put his finger up my private parts and wanted to know if I was clean."

There is conflicting and contradictory testimony of complainant's unwed mother, who was the mother of seven children born out of wedlock, and the frank testimony of her sister, Barbara, aged thirteen, all of such a nature as to compel the trial judge to remark:—

"I think that's enough, and make your cross-examination short, I believe this child. I don't want to put her under any further torture, I believe her and that's that. Just don't be,—you handle her right."

Defendant contends that by his remarks the trial judge obviously "having concluded in the morning of the only trial day and before recess that the defendant was guilty, no useful purpose was served in the presentation of the defense because the court had closed its mind with the conclusion and finding that 'I believe this child and that's that.' "

We do not so conclude by reason of the following paragraph of the syllabus in the case of Crosby v. State, 9 Abs 55:—

"Expression by trial judge that he did not believe the testimony of a witness is not reversible error where the cause is not tried before a jury."

Defendant's secretary testified as to an absence of a record of a visit at defendant's office at the time the alleged assault occurred.

A roofer roofing the building in which defendant's office was situated testified that on Labor Day 1957, a day other than the day of the alleged assault, that defendant and complainant's mother were arguing:—

"Q. What were they doing?

"A. I could see they were arguing about money, what the money was about I don't know, as they went out the door I hear something about fifteen hundred dollars shaking down."

Defendant denied specifically the quoted testimony, and testified that complainant's mother and her daughters and father did not visit him in May of 1957 (the day of the alleged assault); that he remembered such to be a fact because he was ill with a "heart attack"; that at no time did he assault Nancy Hull as charged in the indictment; that while they (Ruth Hull and her father) "were at my office they wanted me to advance them money or give them some money, wherein they began to threaten me if I didn't take care of the hospital bill, 'I would be sorry.' And then, they walked out of the house many a time in a fit of anger, they were going to cost me a lot of money and cite me before the bar association."

Defendant's brother generally supported defendant with reference to the presence of complainant, her mother, sister and grandfather at defendant's office on the day of the alleged assault.

The evidence is such that we cannot and will not reverse the judgment of the trial judge on the grounds that he erred to defendant's prejudice in the admission of evidence, and that his judgment was not supported by the weight of the evidence.

Now with reference to claimed error prejudicial to the defendant committed by the trial judge in overruling defendant's motion for a new trial on the ground that complainant was heard to say just outside the court room where defendant was tried "I want to go to tell them its a lie, its a lie, and I want to tell the truth."

In the case of **State v. Curnutt, 85 Oh Ap 101,** the third paragraph of the syllabus states:—

"Where a new trial is sought upon the ground that a witness subsequently stated that he gave perjured testimony, the question is, when did the witness tell the truth? Recantation by an important witness of his or her testimony at the trial does not necessarily, or as a matter of law, entitle the defendant to a new trial. The determination of such matters rests in the sound discretion of the trial court, whose action will not be set aside except for clear and manifest abuse."

In the case of **State v. Lopa, 96 Oh St 410,** the court, at **page 411,** said:—

"The granting of a motion for a new trial upon the ground named is necessarily committed to the wise discretion of the court, and a court of error cannot reverse unless there has been a gross abuse of that discretion. And whether that discretion has been abused must be disclosed from the entire record. The rule of procedure in this regard has been frequently announced by this court. The new testimony proffered must neither be impeaching nor cumulative in character. Were the rule otherwise the defendant could often easily avail himself of a new trial upon the ground claimed. Unless the trial court or court of error, in view of the testimony presented to the court and jury, finds that there is a strong probability that the newly discovered evidence will result in a different verdict, a new trial should be refused."

We cannot reverse the judgment of the trial judge on the ground of newly discovered evidence in the absence of a clear showing of abuse of discretion, which we do not find.

We are unable to subscribe to the charge that the trial judge abused his discretion when the Supreme Court in defining "abuse of discretion" stated:—

"a view or action that no conscientious judge acting intelligently, could honestly have taken." Long v. George, 296 Mass., 574, 579, 7 N. E. (2d), 149, 151. **Steiner v. Custer et al, 137 Oh St 448,** at **page 451.**

Appellant's counsel has failed to call our attention to "other errors manifest upon the face of the record prejudicial to the rights of defendant by which defendant was prevented from having a fair and impartial trial" as alleged as grounds of error, or to comply with respect thereto with the provisions of Rule VII of this court that his briefs "shall contain a statement of the questions presented and a succinct statement of so much of the cause, referring to the pages of the record, as may be necessary to show how the questions arise, together with a

statement of the authorities relied upon." Accordingly we will not pass upon this assigned ground of error.

The judgment of the trial judge is affirmed.

GRIFFITH, PJ, DONAHUE, J, concur.

## CONCURRING OPINION

By DONAHUE, J.

While concurring with the majority opinion, I have a strong feeling that, with the sworn, recantations and re-recantations of the minor children, and re-re-recantations of Ruth Hull, there is a very strong possibility that there would be a different verdict, if this case were retried in the Common Pleas Court, especially if such trial were before a jury. Perhaps even, if counsel had investigated further before this trial, and the presentation of evidence, a different result might have been reached. But I cannot quite bring myself to say that, as of now, a "probability" of a different verdict exists. Therefore I must concur with the decision here.