PEOPLE *v.* WOLSCHON.

1. CRIMINAL LAW—WITHDRAWAL OF PLEA OF GUILTY—DISCRETION OF COURT.

   The withdrawal of a plea of guilty after sentence rests upon the sound discretion of the trial judge.

2. APPEAL AND ERROR—DISCRETION OF COURT.

   An abuse of discretion by a court involves far more than a difference in judicial opinion between the trial and appellate courts, where the exercise of discretion turns upon a factual determination made by the trier of the facts, since the term *discretion* involves the idea of choice, of an exercise of the will, of a determination made between competing considerations.

3. SAME—ABUSE OF DISCRETION.

   An abuse of discretion by a trial court in making a determination of fact, requires the reviewing court to find that the result is so palpably and grossly violative of fact and logic that it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias.

4. CRIMINAL LAW—MANSLAUGHTER—WITHDRAWAL OF PLEA OF GUILTY —DISCRETION OF COURT.

   Trial court in prosecution for murder wherein defendant pleaded guilty to manslaughter in the presence of counsel, defendant was exhaustively examined by court before acceptance of the plea and court properly apprised himself that the plea had been made freely, voluntarily, and without undue influence, then sentenced defendant to 7-1/2 to 15 years *held*, not to have abused his discretion in denying motion to withdraw plea of guilty after sentence (CL 1948, §§ 750.316, 750.321, 768.35; GCR 1963, 785.3[2]).

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 4]  21 Am Jur 2d, Criminal Law § 504.
   Right to withdraw plea of guilty.  20 ALR 1445, 66 ALR 628.
   Withdrawal of plea of guilty and substitution of plea of not guilty after conviction.  146 ALR 1430.
[2, 3]  5 Am Jur 2d, Appeal and Error § 774.

Appeal from Recorder's Court; Davenport (Elvin L.), J. Submitted Division 1 November 4, 1965, at Detroit. (Docket No. 894.) Decided January 11, 1966.

Julius Wolschon pleaded guilty to manslaughter. After sentence, defendant moved to withdraw guilty plea. Motion denied. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Samuel H. Olsen,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *James E. Lacey,* Assistant Prosecuting Attorney, for the people.

*Michael A. Guest,* for defendant.

LESINSKI, C. J. After preliminary examination in the recorder's court of the city of Detroit, an information was filed charging the defendant, Julius Wolschon, with murder with malice aforethought. CL 1948, § 750.316 (Stat Ann 1954 Rev § 28.548). A tentative date for trial was set for October 28, 1964, and on September 4, 1964 a defense motion to reduce the charge from murder in the first degree to manslaughter was heard and denied in the recorder's court. The case was then reset for trial on November 25, 1964, but for reasons not clearly indicated in the record, the defendant was brought before the court on November 17, 1964. At that time, in the presence of defense counsel, a plea of guilty was accepted by the court to the lesser included offense of manslaughter. CL 1948, § 750.321 (Stat Ann 1954 Rev § 28.553). On December 1, 1964, the defendant was sentenced to 7-1/2 to 15 years imprisonment.

A motion to withdraw a plea of guilty was filed by defense counsel subsequent to sentence, and from

a denial of this motion by the trial court the defense takes this appeal. Defense assigns as error the trial court's denial of the defendant's motion to withdraw his plea of guilty after sentence.

A review of the record indicates that the trial court gave the defendant an exhaustive examination prior to accepting his plea of guilty. This Court feels that the trial judge properly apprised himself as to the freeness, voluntariness, and lack of undue influence with which the plea was given, and that the judge fully satisfied the requirements of CL 1948, § 768.35 (Stat Ann 1954 Rev § 28.1058) and GCR 1963, 785.3(2).

The law as it stands today rests the withdrawal of a plea of guilty after sentence upon the sound discretion of the trial judge. See *People* v. *Vasquez* (1942), 303 Mich 340; *People* v. *Davis* (1964), 372 Mich 402; *People* v. *Zaleski* (1965), 375 Mich 71. This Court turns to the language in *Spalding* v. *Spalding* (1959), 355 Mich 382, in determining whether the trial judge abused his discretion in denying the defendant's motion to withdraw a plea of guilty. As our Supreme Court said in *Spalding, supra* at pp 384, 385:

"Where, as here, the exercise of discretion turns upon a factual determination made by the trier of the facts, an abuse of discretion involves far more than a difference in judicial opinion between the trial and appellate courts. The term discretion itself involves the idea of choice, of our exercise of will, of a determination made between competing considerations. In order to have an 'abuse' in reaching such determination, the result must be so palpably and grossly violative of fact and logic that it evidences not the exercise of will but perversity of will, not the exercise of judgment but the defiance thereof, not the exercise of reason but rather of passion or bias."

Tested under these guidelines, it is this Court's determination that the trial court did not abuse that discretion.

The trial court is affirmed. Costs to the appellee.

QUINN and WATTS, JJ., concurred.