447 P.2d 512

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Jimmy REYES, Defendant-Appellant.**

**No. 8639.**

Supreme Court of New Mexico.

Nov. 25, 1968.

Chester A. Hunker, Clovis, for defendant-appellant.

Boston E. Witt, Atty. Gen., Gary O. O'Dowd, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

NOBLE, Justice.

Defendant, Jimmy Reyes, was convicted of the crime of armed robbery, and sentenced November 4, 1965. The following day he filed a notice of appeal, and promptly filed a praecipe for the record. On November 8, 1966, defendant filed a pauper's affidavit requesting free transcript and filing fee. The time for filing the transcript on appeal was extended to April 4, 1966, and on December 13, 1966, the time was again extended to January 15, 1967. On February 2, 1967, the district attorney moved the district court to dismiss the appeal for failure to timely file the transcript. Supreme Court Rule 14(2) (§ 21–2–1(14) (2), N.M.S.A.1953). The defendant responded to the motion asserting that the reason for failure to file the transcript within the time allowed by the extension was the inability of the court reporter to complete the record, and that counsel for defendant had no notice of such inability. The motion was granted and the appeal dismissed. The defendant has appealed from that order.

The State argues that the defendant, having delayed the filing of his poverty affidavit for a year after taking the appeal, may have failed to make satisfactory arrangements with the reporter for transcribing the record, thus providing some justification for dismissal of the appeal. Supreme Court Rule 12(1) (§ 21–2–1(12) (1), N.M.S.A.1953). This may be true, but in view of the fact that the trial court did extend the time by order entered December 13, 1966, some nine months after default in perfecting the appeal, and after the pauper's affidavit, and presumably at a time when the transcript could be completed, any untimeliness was cured by the extension.

The State also argues that the district court was justified in dismissing the appeal under Rule 14(2), supra, for failure to file the transcript prior to the expiration date of the extension. The second paragraph of that rule, so far as pertinent, reads:

"In cases of appeal, the appellee * * * upon satisfactory showing that the transcript has not been filed, may move the district court to dismiss the appeal. Upon the hearing of such motion, the district court may dismiss such appeal, or permit the appellant to perfect the same upon such terms as it may deem proper."

It is clear that district courts, acting pursuant to that rule, exercise judicial discretion in determining whether to dismiss an appeal, to permit the appellant to perfect the same, or whether to impose terms as a condition to perfecting such appeal. It is likewise true that an appellate court will not disturb a discretionary ruling unless it appears that the court has acted unfairly or has otherwise committed an abuse of discretion. See State v. McFall, 67 N.M. 260, 354 P.2d 547; State v. Bailey, 62 N.M. 111, 305 P.2d 725; State v. Alaniz, 55 N.M. 312, 232 P.2d 982.

In this case, the defendant was an indigent; his counsel was in Clovis; and, presumably, the court reporter lived in Lea County. There is nothing in the record to indicate that the defendant was not diligent in attempting to secure completion of the record, following the last extension, except perhaps the fact of his failure to request an additional extension of time when the reporter failed to complete the record prior to expiration of that extension. So far as the record discloses, the reason for the delay in filing the record here appears to rest with the court reporter. Absent a showing of some reason justifying the dismissal, other than the mere lapse of time under these circumstances, we think the district court abused its discretion in dismissing the appeal. The reporter should be directed to prepare the necessary record forthwith.

The fact that this defendant filed a Rule 93 motion, State v. Reyes, 78 N.M. 527, 433 P.2d 506, does not affect his right to a direct appeal. Questions which may properly be presented on direct appeal may not be available upon a Rule 93 motion.

It follows that the order dismissing defendant's appeal should be reversed and the cause remanded with direction to vacate the order appealed from, and to extend the time for filing the transcript until such time as the reporter can complete the record.

It is so ordered.

MOISE and CARMODY, JJ., concur.