461 P.2d 229

**STATE of New Mexico, Plaintiff-Appellee,**
**v.**
**Jack PAVLICH, Defendant-Appellant.**
**No. 8821.**

Supreme Court of New Mexico.
Nov. 10, 1969.

Jack Pavlich, pro se.

James A. Maloney, Atty. Gen., James V. Noble, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

COMPTON, Justice.

In 1962, appellant was convicted by a jury of Colfax County of the crime of armed robbery and was sentenced therefor. Later, while serving the sentence, he was returned from prison, tried and convicted by a jury of Colfax County under the provisions of § 40A–29–7, N.M.S.A.1953, as being an habitual offender, but no sentence was interposed at the time. Subsequently, his application for post conviction relief under Rule 93, § 21–1–1(93), N.M.S.A.1953 (1967 Supp.) being denied, he appealed. Pavlich v. State, 79 N.M. 473, 444 P.2d 984. Upon appeal, the judgment was affirmed except as to the sentence interposed. We remanded the case with directions to the trial court to re-sentence the appellant in accordance with the mandate of § 40A–29–7, supra. The court conducted a hearing on the validity of prior felony convictions and appellant being dissatisfied with the sentence then interposed, again appeals.

Appellant contends that he was denied due process of law because his Colorado counsel failed to render him effective legal assistance in defense of the charge against him in Colorado in advising him to enter a plea of guilty. While the effective assistance of counsel is always a matter of concern in criminal cases, State v. Dalrymple, 75 N.M. 514, 407 P.2d 356, the trial court found against appellant on his claim of inadequacy of counsel. The finding has substantial support in the evidence. The record discloses that his Colorado counsel conducted appellant's defense in a skillful manner. The information upon which he was charged contained four counts. When the case was set for trial, the district attorney announced that he was dismissing one count of the information and would go to trial on the remaining three counts. At that posture of the proceeding, the appellant, on the advice of his counsel, pleaded guilty to one count of the remaining counts. The plea was accepted, and the remaining two counts were dismissed.

It appears from an exhibit offered by appellant concerning the activities of his Colorado counsel that Colorado counsel was diligent and active in appellant's behalf. He attended various pretrial conferences with the defendant, leading up to the trial setting, at which time the appellant pleaded guilty.

The bare fact that counsel advised appellant to plead guilty to one count rather than to risk the consequences of conviction of other charges does not indicate ineffectual representation by counsel. The plea by the appellant may well have been most beneficial to him. Compare State v. Walburt, 78 N.M. 605, 435 P.2d 435; State v. Apodaca, 78 N.M. 412, 432 P.2d 256.

The judgment imposing sentence under § 40A–29–7, supra, should be affirmed.

It is so ordered.

WATSON, J., and DEE C. BLYTHE, D. J., concur.