## PEOPLE v. HILL

1. NEW TRIAL—MOTIONS—EVIDENCE—NEW—DISCRETION.
   The granting of a motion for a new trial on the basis of newly discovered evidence is discretionary.

2. APPEAL AND ERROR—NEW TRIAL—EVIDENCE—NEW—APPELLATE RELIEF.
   Appellate relief from a denial of a motion for a new trial on the basis of newly discovered evidence is granted if it is shown that the trial court's denial was an abuse of discretion.

3. COURTS—DISCRETION—ABUSE—DETERMINATION.
   Court discretion involves the idea of choice, of an exercise of judicial will, of a determination made between competing considerations and, in order to have an abuse of discretion, the result of a judicial determination must be so palpably and grossly violative of fact and logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but the defiance of it, not the exercise of reason, but rather of passion and bias.

4. NEW TRIAL—MOTIONS—DENIAL—DISCRETION.
   Denial of defendant's motion for a new trial on the basis of newly discovered evidence was not an abuse of discretion where there was no showing that the claimed newly discovered evidence could not have been discovered with reasonable diligence and produced at trial.

5. CRIMINAL LAW — ATTORNEY AND CLIENT — LEGAL COMPETENCE — DETERMINATION.
   Defendant's legal representation was not so lacking in competence that the court and the prosecutor had a duty to observe and to

---

REFERENCES FOR POINTS IN HEADNOTES
[1, 4] 39 Am Jur, New Trial §§ 156–176.
[2] 39 Am Jur, New Trial §§ 13, 131, 157, 201.
[3] 20 Am Jur 2d, Courts § 69.
[5] 21 Am Jur 2d, Criminal Law § 315.

correct it where the record failed to show that the trial circumstances shocked the conscience of the court and make the proceedings a farce and mockery of justice.

Appeal from Recorder's Court of Detroit, Robert E. DeMascio, J. Submitted Division 1 January 7, 1970, at Detroit. (Docket No. 6,752.) Decided January 28, 1970.

Sidney Hill was convicted by a jury of armed robbery. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Angelo A. Pentolino,* Assistant Prosecuting Attorney, for the people.

*Jeanette A. Paskin,* for defendant on appeal.

Before: LESINSKI, C. J., and J. H. GILLIS and QUINN, JJ.

PER CURIAM. Defendant's jury trial on a charge of armed robbery* resulted in his conviction of the offense charged. He was sentenced, his motion for a new trial on the basis of newly discovered evidence was denied, and he appeals. The appeal raises two issues:

1. Should the trial court have granted defendant's motion for a new trial based on newly discovered evidence?

2. Did defendant have adequate representation?

The grant of a motion for new trial on the basis of newly discovered evidence is discretionary, *People* v. *Bauman* (1952), 332 Mich 198. Appellate relief

---

* MCLA § 750.529 (Stat Ann 1969 Cum Supp § 28.797).

from a denial of a motion for new trial on the basis of newly discovered evidence is granted if it is demonstrated that the trial court abused its discretion in such denial. As this Court said in *People* v. *Wolschon* (1966), 2 Mich App 186, 188:

"The term discretion itself involves the idea of choice, of our exercise of will, of a determination made between competing considerations. In order to have an 'abuse' in reaching such determination, the result must be so palpably and grossly violative of fact and logic that it evidences not the exercise of will but perversity of will, not the exercise of judgment but the defiance thereof, not the exercise of reason but rather of passion or bias."

By this well established standard of judicial discretion, the record before us demonstrates not an abuse of discretion but the exercise thereof. There is no showing that the claimed newly-discovered evidence could not have been discovered with reasonable diligence and produced at trial. *People* v. *Bauman, supra; People* v. *Keiswetter* (1967), 7 Mich App 334.

Defendant also contends that his retained counsel was so incompetent that defendant was deprived of effective counsel and was thus denied due process of law. This record does not demonstrate that defendant's representation was so lacking in competence that it became the duty of the court or the prosecution to observe it and correct it, nor does it demonstrate that the circumstances surrounding the trial shocked the conscience of the court and made the proceedings a farce and a mockery of justice. *People* v. *Davison* (1968), 12 Mich App 429.

Affirmed.