MEYER v. HEIDT

1. APPEAL AND ERROR—CIRCUIT COURT—PROBATE COURT—DISCRETION.
    A circuit court has statutory authority to allow an appeal from
    a probate court if it shall appear that justice requires a re-
    vision of the case, but whether or not to allow such an appeal
    is within the discretion of the circuit court and only a clear
    abuse of the exercise of that discretion requires reversal (MCLA
    § 701.43).

2. APPEAL AND ERROR—PROBATE COURT—DISCRETION—WILLS.
    Denial of leave to appeal to circuit court a probate court order
    admitting a will to probate was not an abuse of discretion
    where the motion for leave was based on affidavits that an
    attesting witness had said that she was not present when tes-
    tator signed the will and that she appeared evasive and elusive
    regarding execution of the will and where the executrix opposing
    the motion filed an affidavit in which the attesting witness stated
    that she did witness the signing of the will.

Appeal from Oakland, Robert L. Templin, J. Sub-
mitted Division 2 May 13, 1970, at Lansing. (Docket
No. 8,561.) Decided July 2, 1970. Rehearing denied
August 10, 1970. Leave to appeal denied October
15, 1970. 384 Mich 766.

Ruth Frieda Meyer moved for a rehearing after
the petition of Dorothy Heidt, executrix of the estate
of Marvin A. Heidt, for admission of the will to
probate was granted, and filed objections. Motion
for rehearing denied. Leave to appeal to circuit
court denied. Plaintiff Meyer appeals. Affirmed.

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 4 Am Jur 2d, Appeal and Error § 139 et seq.

*Davidson, Gotshall, Kohl, Nelson, Secrest, Wardle
& Lynch (Richard H. Scholl, of counsel), for plaintiff on appeal.*

*Smith, Magnusson & Anderson (Douglas Chartrand, of counsel), for defendant.*

Before: LESINSKI, C. J., and DANHOF and SNOW,*
JJ.

PER CURIAM. This is a will case. The issue is whether the circuit judge abused his discretion when he denied plaintiff's motion for leave to appeal a probate court order admitting a will to probate.

The testator died on November 16, 1968, leaving a will dated February 4, 1966, appointing Dorothy M. Heidt, his second wife, as executrix. The will left plaintiff, the testator's only child, $1,000. The rest of the estate, approximating $200,000, was left to the testator's wife. The will contained a non-contestability clause.

The testator's brother, as attorney for the widow, petitioned for admission of the will. On January 14, 1969, a hearing was held on the petition. Marion Erwood, an attesting witness, testified that the will was signed by the deceased and the other attesting witness, Avis Hall, and herself, in the presence of each other. The will was then admitted to probate.

On April 24, 1969, an application for rehearing on the petition for admission of the will to probate and objections to the will were filed by plaintiff. The next day the probate court denied the application for rehearing because more than three months had elapsed since the entry of the order admitting the will to probate. The probate court had lost jurisdiction to set aside its own order and to grant a rehear-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

ing. MCLA § 701.19 (Stat Ann 1970 Cum Supp § 27.3178(19)).

On August 11, 1969, plaintiff filed a motion for leave to appeal in the circuit court. CL 1948, § 701.43 (Stat Ann 1962 Rev § 27.3178[43]) grants the circuit court authority under certain circumstances to allow an appeal from the probate court "if it shall appear that justice requires a revision of the case". Whether or not to allow such an appeal is within the discretion of the circuit court. Only a clear abuse of the exercise of that discretion requires reversal.

Plaintiff's motion for leave to appeal was based on (1) her husband's affidavit stating that he telephoned Mrs. Hall on January 23, 1969, and asked what kind of mood Mr. Heidt was in when he signed his will and that she replied that she wasn't there when he signed it and didn't even know when he signed it, and (2) an investigator's affidavit stating that on June 10, 1969, and June 25, 1969, he questioned Mrs. Hall regarding the execution of the will and her answers "appeared evasive and elusive".

The executrix filed an answer to plaintiff's motion for leave to appeal. With it was an affidavit signed by Avis B. Hall denying the statements which plaintiff's husband claimed that Mr. Hall made concerning her lack of knowledge relative to the execution of the will and stating that she did witness the signing of the will.

On August 20, 1969, a hearing was held in circuit court on the motion for leave to appeal after which the motion was denied. The circuit judge stated that he was satisfied that no injustice had been done. We hold that he did not abuse his discretion in this matter. *Spalding* v. *Spalding* (1959), 355 Mich 382; *People* v. *Hill* (1970), 21 Mich App 178.

Affirmed, costs to defendant executrix.