528 P.2d 893

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Benjamin Robert KINCHELOE, Defendant-Appellant.**

**No. 1588.**

Court of Appeals of New Mexico.

Oct. 30, 1974.

Ken Cullen, Knott & D'Angelo, Albuquerque, for defendant-appellant.

David L. Norvell, Atty. Gen., Jane E. Pendleton, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

HENDLEY, Judge.

As the result of a high-speed chase and a subsequent affray at defendant's home, defendant was arrested and charged with aggravated assault upon a peace officer, (§ 40A–22–21, N.M.S.A.1953 (2d Repl.Vol. 1972)), a third degree felony and battery upon a peace officer, (§ 40A–22–23, N.M. S.A. 1953 (2d Repl.Vol.1972)), a fourth degree felony.

The trial court appointed counsel and defendant was given a preliminary hearing, a record of which is not included in the transcript on appeal. Subsequently, defendant was arraigned and entered a plea of not guilty to both charges.

During the arraignment court-appointed counsel stated that defendant ". . . would like to make a statement to the Court." Defendant then stated: "It was about my attorney, but I'll keep my attorney for now."

Approximately ten weeks later on January 14, 1974, defendant and his court-appointed counsel appeared before the court. Counsel stated:

". . . In view of negotiations between the District Attorney and myself, Mr. Kincheloe has decided to enter a plea of guilty to one count of the Information, and we have an affidavit. To the fourth degree count."

The trial court then proceeded to explore whether defendant was informed as to the contents of the affidavit, which meticulously set forth defendant's constitutional right. A presentence report was ordered and defendant was continued on bond pending receipt of the report.

Following the change of plea, and prior to sentencing, court-appointed counsel died. Defendant then secured a new attorney and filed a motion to withdraw the plea of guilty on the grounds that court-appointed counsel did not discuss with defendant his various defenses and therefore his plea of guilty ". . . was not freely, intelligently, nor knowingly given . . . ."

At the motion hearing defendant testified in his own behalf. The record discloses the following undisputed evidence concerning court-appointed counsel:

1. He ". . . was pale, and possibly he wasn't in good condition."

2. He died of lung cancer on or about January 16, 1974.

3. His mental attitude was such that ". . . he seemed to just want to get the case over with."

4. He did not discuss any of the police reports with defendant.

5. He was not given authority to release a lie detector report.

6. He never discussed with defendant a plea of not guilty by reason of insanity at the time of the offense.

7. He did not discuss defendant's degree of intoxication on the night of the incident even when defendant tried to raise this subject.

8. He did not discuss the statutory requirements concerning police in giving citations for speeding.

**36**

9. He did not discuss a person's right to resist an unlawful arrest.

10. He did tell defendant that "under the circumstances [the defendant] would be found guilty and [that defendant] might get a third degree."

Defendant contends that the trial court abused its discretion when it denied his motion to withdraw the guilty plea. We agree.

 A motion to withdraw a plea of guilty is addressed to the discretion of the trial court and the only question for review is whether discretion was abused. State v. Brown, 33 N.M. 98, 263 P. 502 (1927). In order to establish an abuse of discretion, it must appear that the trial court acted unfairly, arbitrarily or committed manifest error. State v. Reyes, 79 N.M. 632, 447 P.2d 512 (1968); State v. McFall, 67 N.M. 260, 354 P.2d 547 (1960); State v. Alaniz, 55 N.M. 312, 232 P.2d 982 (1951).

The fact that the trial court made the correct inquiries as to voluntariness or that the plea of guilty was the result of a plea bargain is not in issue. The issue is whether under the foregoing undisputed facts, defendant had effective assistance of counsel.

 In light of the undisputed facts defendant's plea of guilty could not have been freely, intelligently or knowingly given if court-appointed counsel did not and would not discuss any of the foregoing possible issues involved. We do not hold that any of the foregoing items, considered alone, would establish ineffective assistance of counsel. We do hold that the items, considered together and in relation to the "facts" related in the police report, show manifest error was committed by the trial court in not permitting defendant to withdraw his plea of guilty.

Reversed and remanded.

It is so ordered.

WOOD, C. J., concurs.

SUTIN, J., dissents.

SUTIN, Judge (dissenting).

I dissent.

(A) *Defendant cannot claim inadequacy of counsel.*

The majority opinion states:

. . . The issue is whether under the foregoing undisputed facts, defendant had effective assistance of counsel.

"Before defendant can be heard to complain of inadequacy of counsel he must show that the proceedings leading to his [plea of guilty] amount to a sham, a farce, or a mockery." State v. Wright, 84 N.M. 3, 5, 498 P.2d 695, 697 (Ct.App.1972). "The failure of an attorney to advise a defendant of all possible defenses is no basis for a claim of incompetency of counsel." Burton v. State, 82 N.M. 328, 331, 481 P.2d 407, 410 (1971).

Defendant executed an affidavit concerning his election to enter a plea of guilty. In this affidavit, he stated the following: 1) his attorney discussed with him, and explained to him the nature of the criminal charges and the statutory penalties that he faced; 2) he fully understood these charges and penalties; 3) his attorney had advised him of his constitutional rights, each of which had been satisfactorily explained to him; 4) with this full understanding of the charges and his constitutional rights, defendant voluntarily entered a plea of guilty to battery upon a police officer; and 5) this plea was not induced by promises, threats or coercion of any kind.

At defendant's hearing on withdrawal of his "not guilty" plea, the trial court, carefully and with scrutiny, examined the defendant. This examination included the plea bargain to drop the charge of aggravated assault. Defendant said:

. . . I was guilty of the charge of this [battery], and I feel like there is no use in fighting this.

\* \* \* \* \* \*

THE COURT: And, it is your statement to me, that you are in fact guilty to that second count in the Information.

MR. KINCHELOE: Yes, sir.

As a result, aggravated assault upon a police officer, a third degree felony, was dropped. The sentence for this offense is two to ten years in the penitentiary. Defendant was sentenced on the fourth degree felony for a term of one to five years. All but 90 days of the penitentiary sentence was suspended. The 90 days were to be served in the Chaves County jail.

Prior to sentence, defendant filed a motion to withdraw his plea of guilty and set up the defense of "not guilty by reason of insanity at the time of the commission of the offense." The motion claimed "that the defense afforded Defendant [by his attorney] was a sham, a farce and a mockery . . . ."

At the hearing on this motion, the court asked defendant if he had ever been under psychiatric care or in a mental institution. The answer was "No."

In State v. Dominquez, 80 N.M. 328, 330, 455 P.2d 194, 196 (Ct.App.1969), this court said:

> Defendant may be asserting that, upon advice of counsel, he pled guilty to one charge in order to obtain a dismissal of the other charge. If this is his contention, it provides no support for the claim of inadequate counsel . . . .

This is confirmed by the Supreme Court in State v. Pavlich, 80 N.M. 747, 461 P.2d 229 (1969).

The defendant had a choice between two alternatives. He made a voluntary plea of guilty to a lesser charge. He has no basis for complaint. State v. French, 82 N.M. 209, 478 P.2d 537 (1970).

The assistance afforded defendant by his counsel in this case did not make the proceedings "a sham, a farce, or a mockery."

(B) *What is "manifest error"?*

The majority opinion states:

> . . . [We hold that] manifest error was committed by the trial court in not permitting defendant to withdraw his plea of guilty . . . .

Unfortunately, this portion of the majority opinion is contrary to State v. Madrigal, 85 N.M. 496, 513 P.2d 1278 (Ct.App.), cert. denied, 85 N.M. 483, 513 P.2d 1265 (1973). Unfortunately, the Supreme Court has not adopted a rule on "plea withdrawal." See § 2.1 A.B.A. Standards Relating to Pleas of Guilty which has been adopted and followed in many states. I discussed the A.B.A. Standards in my dissent in Madrigal, 85 N.M. at 504, 513 P.2d 1278. The defendant now urges this court to accept the provisions of § 2.1. I agree. Under § 2.1, defendant must prove that withdrawal of a plea of guilty "is necessary to correct a manifest injustice." Since this provision has not yet been accepted in New Mexico, it will not be discussed.

Disputes on "plea withdrawal" will continue because judicial discretion has been defined in many ways.

What does "manifest error" mean as used in the majority opinion?

"Manifest" is defined in Black's Law Dictionary, Rev. 4th ed., at 1115 (1968):

> Evident to the senses, especially to the sight, obvious to the understanding, evident to the mind, not obscure or hidden, and is synonymous with open, clear, visible, unmistakable, indubitable, indisputable, evident, and self-evident.

State v. Fischer, 38 N.J. 40, 183 A.2d 11, 14 (1962) gives the same definition and applies it to the doctrine of "manifest injustice" under § 2.1.

The trial court did not commit "open, clear, visible, unmistakable, indubitable, indisputable, evident, and self-evident" error. Its denial of the motion to withdraw the guilty plea was "not a mere whim or caprice, but an honest attempt, in the exercise of power and duty, to see that justice is done." Madrigal (85 N.M. at 501, 513 P.2d at 1283). "Manifest error" did not occur.

(C) *What is meant by "judicial discretion"?*

"Any attempt to define the phrase 'judicial discretion' is generally regarded as a

difficult and dangerous undertaking. But we venture that such a discretion as the law sanctions is not arbitrary, vague, or fanciful, nor is it to be controlled by humor or caprice, but is to be governed by principle and regular procedure for the accomplishment of the ends of right and justice." Pankey v. Hot Springs Nat. Bank, 42 N.M. 674, 680–681, 84 P.2d 649, 653 (1938).

The trial judge sat in judgment upon defendant, his attorney and the record. We know, or can presume, that this judge is one who arrived at a decision with reason, impartiality, conscience and with a calm spirit, to accomplish the ends of right and justice. Nothing in the record indicates the contrary and this constitutes the exercise of judicial discretion. "When invoked as a guide to judicial action [judicial discretion] means a sound discretion . . . exercised . . . with regard to what is right and equitable under the circumstances and the law, and directed by the reason and conscience of the judge to a just result." Langnes v. Green, 282 U.S. 531, 541, 51 S.Ct. 243, 247, 75 L.Ed. 520 (1931).

(D) *What is meant by "abuse of discretion"?*

To define "abuse of discretion" is as difficult as defining "discretion."

In People v. Hill, 21 Mich.App. 178, 175 N.W.2d 305, 306 (1970), the following is quoted with approval:

. . . In order to have an 'abuse' in reaching . . . [a] determination [made between competing considerations], the result must be so palpably and grossly violative of fact and logic that it evidences not the exercise of will but perversity of will, not the exercise of judgment but the defiance thereof, not the exercise of reason but rather of passion or bias. [People v. Wolschon, 2 Mich.App. 186, 139 N.W.2d 123, 124 (1966)].

People ex rel. Ball v. Johnson, 341 Ill. App. 423, 94 N.E.2d 444, 447 (1950) phrased it this way:

. . . "[A]buse of discretion" . . . implies not only an erroneous conclusion but that such conclusion was brought about by temper, humor, caprice, passion, prejudice, perversity of will, discrimination, or partiality. Certainly the exercise of honest judgment based upon facts and conditions carefully considered and innately reasonable cannot be said to constitute an abuse of discretion.

State v. Kicak, 168 N.E.2d 768, 771 (Ohio App.1959) states that an abuse of discretion means " 'a view or action "that no conscientious judge acting intelligently could honestly have taken." ' " [quoting from Steiner v. Custer et al., 137 Ohio St. 448, 31 N.E.2d 855].

On the record before us, the trial court did not abuse its discretion.

The judgment below should be affirmed.