This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.**                                                      **No. 30,351**

**BERNIE DOMINGUEZ DIAZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Lisa C. Schultz, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Kieran F. Ryan
Las Cruces, NM

for Appellant

**MEMORANDUM OPINION**

**SUTIN, Judge.**

Defendant appeals the district court's denial of his motion to withdraw his guilty plea to trafficking cocaine and possession of drug paraphernalia. We issued a calendar notice proposing to summarily affirm Defendant's conviction. Defendant filed a timely memorandum in opposition. After due consideration, we affirm.

**DISCUSSION**

Defendant argues that the district court abused its discretion when it failed to conduct a hearing on whether Defendant's guilty plea was knowing and voluntary. [DS 4; MIO 2-4] We review a district court's denial of a motion to withdraw a guilty or no-contest plea for abuse of discretion. *See State v. Hunter*, 2006-NMSC-043, ¶¶ 10-11, 140 N.M. 406, 143 P.3d 168.

> A court abuses its discretion when it is shown to have acted unfairly, arbitrarily, or committed manifest error. A denial of a motion to withdraw a guilty plea constitutes manifest error when the undisputed facts establish that the plea was not knowingly and voluntarily given.

*Id.* ¶ 11 (internal quotation marks and citation omitted). This standard applies to all motions to withdraw a plea, even those made prior to sentencing. *Id.*

On January 4, 2010, Defendant entered a plea agreement with the State, which was approved by the district court. [RP 56-62] According to the plea and disposition agreement, Defendant agreed to plead guilty to trafficking and possession of drug paraphernalia in exchange for the State agreeing not to bring habitual offender proceedings against Defendant. [Id.] The agreement provided that Defendant waived

the right to any motions, defenses, objections, or requests that Defendant could have raised. [Id. 57] After a hearing, the change of plea was accepted by the district court. [Id. 70]

On February 2, 2010, prior to sentencing, new counsel for Defendant filed a motion to withdraw the guilty plea. [RP 72-77] Defendant argued that during the plea process he became aware of discrepancies on various documents with respect to the amount of cocaine that was found in his possession and placed into evidence. [Id. 72-73] Defendant argued that the discrepancies created questions about the chain of custody and evidence tampering. [Id. 73] Defendant acknowledged that the district court addressed Defendant in open court to determine whether the guilty plea was voluntary, but claimed that it was inconceivable that Defendant would willfully agree to the plea when he was not informed that the evidence against him had been lost or tampered with. [Id. 76] Claiming manifest error, Defendant requested that he be allowed to withdraw his "misinformed plea" so that matters of lost evidence and his guilt or innocence could be addressed. [Id. 77]

The district court reviewed the motion and denied it. [RP 87-89] The court found that it had conducted the plea colloquy required by Rule 5-303(F) and (G) NMRA at the plea hearing and determined that the plea was voluntary and not the result of force, threats, or promises. [Id. 87] The court found that Defendant was

advised of the consequences of his plea and that by entering a voluntary plea with a full understanding of the consequences, he waived any objections to any prior defects in the proceedings including evidentiary objections. [Id. 88] Finding that Defendant had not demonstrated that withdrawal of the plea was necessary to correct a manifest injustice, the district court denied the motion. [Id.]

In our calendar notice, we discussed why we were not persuaded that the district court abused its discretion in determining that the plea was voluntary and willing. In his motion, Defendant did not dispute that the district court properly inquired about the voluntariness of his plea. [RP 76] Instead, Defendant suggested that the court did not inquire into whether his willingness to plead resulted from prior discussions between the prosecutor and Defendant or his attorney. [Id.] Defendant argued that he could not enter into "a willful agreement to the charges when he was not informed that the evidence against him had been lost or tampered with." [Id.] In denying the request, the district court noted that it had conducted the required plea colloquy, which included inquiring about whether Defendant's willingness to plead resulted from prior discussions between the prosecutor and Defendant or his attorney. *See* Rule 5-303(G). [RP 87] In addition, Defendant signed the plea agreement, which included a statement that his defense attorney had advised him of his constitutional rights and possible defenses. [Id. 59] The district court presided over the hearing and clearly found that

4

the requirements of Rule 5-303(G) were met. [Id. 87-88] The court found that Defendant entered his plea knowingly and that he had waived any evidentiary objections. [Id.] We presumed that there was no indication at the plea hearing that Defendant's plea was not voluntary or unwilling. Thus, we proposed to hold that there was no abuse of discretion in the district court's determination that Defendant entered his plea knowingly and that he had waived any evidentiary objections. Defendant's response to our calendar notice does not challenge our understanding that there is nothing on record in the pleadings or plea hearing to indicate that the district court would have reason to believe that the plea was anything but voluntary and willing. [MIO 3] We therefore remain persuaded that the district court did not err in finding the plea was voluntarily entered.

We further are not persuaded that the district court abused its discretion in finding that Defendant did not demonstrate manifest error based on the allegations in the motion and its attachments. Although the documents attached to the motion appear to list different weights of the cocaine at different stages of the proceedings, they do not establish that evidence was missing or had been tampered with as Defendant now asserts. It is entirely unclear what the weights mean, and it is unlikely that a hearing on a motion to suppress would have clarified matters. Thus, we remain persuaded that the district court did not err in finding that Defendant was not able to

5

demonstrate that the discrepancies in the documents constituted undisputed facts that established that his plea was not knowing or voluntary.

On appeal, Defendant claims that he sought to withdraw his plea based on ineffective assistance of counsel. [DS 5; MIO 2-6] Defendant argues that he did not enter the plea voluntarily or willingly because his attorney failed to advise him of the possibility of challenging the chain of custody and other matters. [Id.] In his memorandum in opposition, Defendant claims that his motion to withdraw his plea was not due to a change of heart but to "a situation wherein an uninformed defendant has a plea agreement forced on him by his counsel." [MIO 2] Defendant complains that he was not given the opportunity to make a record that he received ineffective assistance of counsel. [MIO 2-4]

We reject this claim. As noted in our calendar notice, Defendant's motion did not clearly raise a claim of ineffective assistance of counsel. Defendant presented no facts in his motion that would support a claim of ineffective assistance of counsel such as a claim that trial counsel (and not the State) failed to inform him about the discrepancies in the evidence and his choices for challenging the evidence. Contrary to the assertions in the docketing statement and memorandum in opposition, the motion did not assert that trial counsel just wanted to get the case over with, that Defendant was surprised to learn at the change of plea hearing about the discrepancies

6

and expressed his concerns to counsel who told him not to worry about it, or that counsel failed to show him the police reports or discuss them with him. [DS 3; MIO 3-4] Although Defendant now claims that trial counsel was not given the opportunity to testify about the extent of his investigation and conferences with law enforcement [MIO 5], the motion made no request concerning these matters. We further note that if Defendant sought to assert a claim of ineffective assistance of counsel as a basis for his motion to withdraw his plea, Defendant could have attached an affidavit from trial counsel. For these reasons, we are not persuaded that this case is like *State v. Kincheloe*, 87 N.M. 34, 528 P.2d 893 (Ct. App. 1974), in which among other things trial counsel suffered from lung cancer and there were indications that he just wanted to get the case over with. [MIO 3-4] Based on the facts in support of the motion, we remain persuaded that the district court would have no basis for holding a hearing to determine whether Defendant's plea was involuntary due to ineffective assistance of counsel. We therefore remain persuaded that the district court did not abuse its discretion in not holding a hearing and in denying the motion to withdraw the plea.

Moreover, we are not persuaded that Defendant demonstrated manifest error based on receiving improper advice from his attorney about his prospects for succeeding on possible motions to suppress. "The voluntariness of a plea entered on the advice of counsel depends on whether counsel's advice was within the range of

7

competence demanded of attorneys in criminal cases." *Hunter*, 2006-NMSC-043, ¶ 12 (internal quotation marks and citation omitted). To establish ineffective assistance of counsel, a defendant must show (1) that counsel's performance fell below that of a reasonably competent attorney and (2) that the defendant was prejudiced by the deficient performance. *State v. Hester*, 1999-NMSC-020, ¶ 9, 127 N.M. 218, 979 P.2d 729. The burden of proof is on Defendant to prove both prongs. *Id.*

Based on the record before us, we are not persuaded that Defendant made a prima facie case of ineffective assistance of counsel. There is no indication in the record that defense counsel misadvised Defendant about his alternatives, including the chance of prevailing on any evidentiary challenges or the advantages of taking a plea in exchange for the State not pursuing habitual offender proceedings. We presume that Defendant's prospects for making evidentiary challenges were known to defense counsel before Defendant entered the plea. However, it appears that defense counsel made a strategic decision not to challenge the evidence. We are not persuaded that the documents presented to the district court demonstrate that defense counsel's decision was wrong. Based on the documents submitted with his motion, Defendant can only suggest that there might be a problem with the evidence; the documents do not establish that Defendant could have prevailed on an evidentiary challenge. Given that

the State agreed not to pursue habitual offender proceedings in exchange for a guilty plea, we cannot say that defense counsel gave Defendant bad advice if he recommended taking the plea. In addition, the record does not establish that but for counsel's failure to advise him of other options, Defendant would not have taken the plea. Thus, there is no indication that defense counsel's performance was deficient or that Defendant was prejudiced by his defense. To the extent Defendant now seeks to raise an ineffective assistance of counsel claim based on matters not of record, he should raise it in a petition for habeas corpus. *See State v. Telles*, 1999-NMCA-013, ¶ 25, 126 N.M. 593, 973 P.2d 845 (filed 1998); *State v. Martinez*, 1996-NMCA-109, ¶ 25, 122 N.M. 476, 927 P.2d 31 (stating that "[t]his Court has expressed its preference for habeas corpus proceedings over remand when the record on appeal does not establish a prima facie case of ineffective assistance of counsel").

For these reasons, we hold that no abuse of discretion exists in the district court's decision not to conduct a hearing on Defendant's motion to withdraw his plea. As the district court presided over the change of plea hearing and conducted the required plea colloquy, it had personal knowledge of whether Defendant entered a knowing and voluntary plea. *See State v. Guerro*, 1999-NMCA-026, ¶ 28, 126 N.M. 699, 974 P.2d 669. Thus, it was within its discretion to decline to hold an evidentiary hearing. *See id.* ¶ 24.

In addition, although Defendant appears to be claiming on appeal that his attorney misadvised him on several matters and that he received ineffective assistance of counsel as a result [DS 5], Defendant did not clearly raise these claims before the district court. Accordingly, we conclude that the district court did not abuse its discretion by not holding a hearing to determine whether Defendant received improper advice from defense counsel.

On the record before us, Defendant has not persuaded us that the plea was not knowing and voluntary, that Defendant did not act upon the advice of competent counsel, or that withdrawal of his plea was necessary due to manifest error. We therefore hold that the district court did not abuse its discretion in denying Defendant's motion to withdraw his plea and affirm the district court.

**IT IS SO ORDERED.**

_____
**JONATHAN B. SUTIN, Judge**

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

_____
**LINDA M. VANZI, Judge**